ELLIS, Judge.
This is a suit for damages for the alleged wrongful detention of Idella Stewart by employees, of a J. C. Penney Company store. Plaintiffs are Mrs. Stewart and her husband, Alex Stewart. Defendants are Penney and its insurer, the Travelers Insurance Company. After trial on the merits, judgment was rendered in favor of Idella Stewart against the defendants for $500.00, plus interest and costs. From this judgment, defendants have appealed.
On April 20, 1970, Mrs. Stewart, accompanied by a friend, Delia Lollis, went to the Penney store in Delmont Village in Baton Rouge. When she entered, she was carrying on her arm, in addition to her regular purse, a new blue purse which she had won in the course of her employment as an Avon representative. She went to that store to try to find a pair of shoes to match the new purse.
She went to the shoe department, where she was waited on by a Mrs. Raley, who was unable to find what plaintiff was looking for. Mrs. Stewart and Mrs. Lollis then went to look at some material, and from thence to the clothing department, where they each purchased a pair of pants. They then departed the store, having spent approximately thirty minutes on the premises.
In the meanwhile, Mrs. Raley went to a Mrs. Funderburk, who worked in the department which sold handbags, and suggested to her that she keep an eye on Mrs. Stewart because of the new handbag she was carrying. Mrs. Funderburk testified that the handbag appeared to be of a type which was sold by Penney. When she saw that Mrs. Stewart was about to leave the store, Mrs. Funderburk told Benny Johnson, another employee, that a woman carrying two purses, one of which appeared to be a Penney purse, was leaving the store. Mr. Johnson, who was authorized to detain suspected shoplifters, followed Mrs. Stewart out to the sidewalk, and accosted her as she was preparing to enter her automobile. The testimony of the parties as to the following events is quite different.
According to Mrs. Stewart, a man walked up to her and attempted to pull the purse off of her arm, and, after a brief struggle, succeeded in doing so. She testified that he then displayed a police type badge and told her she was under arrest for stealing. When Joe Farr, assistant manager of the store, arrived on the scene, Mr. Johnson handed him the handbag. She showed Mr. Farr the Avon card which was in the purse, but he insisted she come back into the store to discuss the matter further. Eventually, she returned into the store, and after Mr. Farr made some inquiries, she was released.
According to Mr. Johnson, he politely asked Mrs. Stewart if he could talk to her about the bag. He denied struggling with her, seizing the purse, or telling her she was under arrest. He did show his Penney employee’s badge, which he had in his pocket. When Mr. Farr came out, Mrs. Stewart handed the bag to him. Mr. Farr testified that Mrs. Stewart voluntarily returned into the store when he told her he wanted to’ talk about a suspected theft of the bag. Mr. Farr said that after he talked to Mrs. Raley and found that she had not seen Mrs. Stewart take the bag, he realized it was Mrs. Stewart’s property and returned it to her with apologies. She refused to take it back, said she was going to call her lawyer, and departed. About thirty minutes later, she returned and got the purse.
*927 Mrs. Lollis’s testimony substantiates that of Mrs. Stewart. Mrs. Funderburk, who watched the encounter from the inside of the store, said that she observed no violent behavior on the part of either Mr. Johnson or Mr. Farr.
The trial judge found no improper conduct on the part of the Penney employees until plaintiff showed the Avon tag to Mr. Farr. From that moment on, he felt that there was no longer reasonable cause for holding Mrs. Stewart and that her detention thereafter was illegal.
Defendants claim that under the provisions of Article 215 of the Code of Criminal Procedure, and the jurisprudence of this state, Penney’s employees committed no improper acts.
Article 215 of the Code of Criminal Procedure provides, in part, as follows :
“A peace officer, merchant, or a specifically authorized employee of a merchant, may use reasonable force to detain a person for questioning on the merchant’s premises, for a length of time not to exceed sixty minutes, when he has reasonaable cause to believe that the person has committed theft of goods held for sale by the merchant, regardless of the actual value of the goods. The detention shall not constitute an arrest.”
We are not at all sure that the district judge was correct in finding that reasonable cause existed for the initial detention. However, we agree fully with his conclusion that the detention became unreasonable once the Avon tag had been exhibited. Not one employee saw Mrs. Stewart commit any improper act. The only basis for detention was the opinion of Mrs. Funderburk that the blue purse “looked like” a Penney purse. Further, Mrs. Stewart spent about thirty minutes in the store, and no attempt was made to examine the handbag or to inquire as to its origin. We further note that the only “investigation” made by Mr. Farr was to ask Mrs. Raley if she had seen Mrs. Stewart take the purse. This could very easily have been done during the time Mrs. Stewart was in the store, after Mrs. Raley’s suspicions had been aroused.
We therefore conclude that the detention in this case was not based on reasonable cause, and that the defendants are liable for damages arising therefrom.
The trial judge awarded $500.00 to compensate Mrs. Stewart. She complained of embarrassment and humiliation, inability to work after the incident, and nervousness due thereto necessitating a few visits to her doctor. Defendants claim that the $500.00 award made by the trial judge is excessive. We find it to be within the bounds of his discretion.
The judgment appealed from is affirmed, at defendants’ cost.
Affirmed.