274 So.2d 480 (1973)
Hugh LASSEIGNE, Plaintiff-Appellant,
v.
WALGREEN, d/b/a Globe Store, Defendant-Appellee.
No. 9211.
Court of Appeal of Louisiana, First Circuit.
February 28, 1973.
*481 James A. Wood, Baton Rouge, for plaintiff-appellant.
William A. Norfolk, Taylor, Porter, Brooks & Phillips, Baton Rouge, for defendant-appellee.
Before SARTAIN, BLANCHE and WATSON, JJ.
SARTAIN, Judge.
This is an appeal by plaintiff, Hugh Lasseigne, from a judgment below dismissing his suit for damages sustained allegedly as a result of a false arrest and unreasonable detention by defendant's employees.
The case arose out of a shoplifting incident which occurred on June 8, 1970, at about 3:30 p. m. in the Globe Store in Baton Rouge, Louisiana. Plaintiff testified that he entered the Globe Store for the specific purpose of purchasing a plastic basket to be used in his occupation of selling fresh vegetables and eggs. Lasseigne stated that while in the store he noticed a certain pair of men's socks and decided to purchase them. He walked to the checkout area of the store and sought to purchase the socks at the information counter because the check-out lines were too long. He was told by Mrs. Josephine Ballard, defendant's employee stationed at the information counter, that he would have to go through the check-out counter as she could not accept payment for socks at the information counter. Lasseigne stated that he returned to the men's shop area of the store to put the socks back but then decided to keep them. He testified that at this point he put the socks in his inside coat pocket and upon remembering that he had left several sacks of potatoes in his unlocked car, proceeded to the front door of the store to look out and check to see that no one was disturbing his auto. Lasseigne states that he fully intended to return and pay for the socks. After passing the check-out counters and as he neared the door, Lasseigne was detained by Mrs. Alice Herrell, the store detective, and taken to her office.
Lasseigne testified that he was detained in Mrs. Herrell's office for about one-half hour and for another hour outside of the store while waiting for the police to arrive. He stated that during his period of detention in Mrs. Herrell's office he was continuously insulted, embarrassed and falsely accused of stealing the socks. Lasseigne states that the inquiry was conducted in a coercive manner and that Mrs. Herrell tried to force him to sign a confession.
Mrs. Alice Herrell testified that she was told by Mrs. Ruth Peters, a clerk in the men's department, that a gentleman was trying to steal a pair of socks. Mrs. Herrell stated that she then personally saw plaintiff attempt to pay for the socks at *482 the information counter. She followed him as he returned to the men's department and she saw him put the socks in his coat pocket. Mrs. Herrell then watched Lasseigne walk past the check-out counters and as he stepped on the pad to activate the automatic door to go out of the store she walked up to him, showed him her badge, and asked him to accompany her to her office. Two other store employees, Mr. J. V. Johnson and a Mr. Oliberra, went with Mrs. Herrell and Lasseigne as they proceeded toward the office. Mr. Johnson and Mrs. Herrell testified that Lasseigne continuously protested his detention, enunciated threats against them and the store, and at one point along the way stated that he knew what this was all about and handed the socks to Mr. Johnson.
Upon reaching the office Mrs. Herrell, Mr. Oliberra, and Mr. Lasseigne went in and sat down. Mr. Johnson remained at the door for a short time and then left. Plaintiff initially refused to show Mrs. Herrell his identification but finally identified himself to Mr. Joe Stevens, another store employee who is also a city juvenile officer, who was called to Mrs. Herrell's office. Mrs. Herrell testified that she tried to talk to Mr. Lasseigne but could not because Lasseigne was continuously protesting his detention. Shortly thereafter the Baton Rouge City Police were called and plaintiff along with Mr. Stevens waited for them outside the store near plaintiff's auto. Mrs. Herrell testified that the total amount of time plaintiff was detained in her office was fifteen minutes.
Mrs. Herrell's testimony was substantially corroborated by the testimony of Mrs. Peters, Mrs. Josephine Ballard, Mr. J. V. Johnson, Mr. Joe Stevens, and Mr. Norman Crowsan, all employees of defendant. Additionally, Mr. Stevens testified that the maximum amount of time he and plaintiff waited for the police outside the store was fifteen minutes.
The trial court concluded that the provisions of LSA-C.Cr.P. Art. 215 were applicable to the case and dismissed plaintiff's suit. Plaintiff appeals citing as error the failure of the trial court to find that defendant's employees acted unreasonably in detaining and questioning him.
Article 215 of the Code of Criminal Procedure provides in pertinent part as follows:
"Art. 215. Detention and arrest of shoplifters
A peace officer, merchant, or a specifically authorized employee of a merchant, may use reasonable force to detain a person for questioning on the merchant's premises, for a length of time not to exceed sixty minutes, when he has reasonable cause to believe that the person has committed theft of goods held for sale by the merchant, regardless of the actual value of the goods. The detention shall not constitute an arrest.
* * *"
If the detention is authorized under this provision immunity from criminal or civil liability will naturally follow to a peace officer, merchant, or merchant's specifically authorized employee. See Official Revision Comment (e) to C.Cr.P. Art. 215; Eason v. J. Weingarten, Inc., 219 So.2d 516 (3rd La.App.1969); 25 La.L.Rev. 956, 961 (1965).
In cases of this nature whether liability attaches depends first upon whether defendant's employees had reasonable cause to suspect plaintiff, and secondly, upon whether the subsequent inquiry or questioning of plaintiff was carried out in a reasonable manner. Durand v. United Dollar Store of Hammond, Inc., 242 So.2d 635 (1st La.App.1970).
The judge a quo in oral reasons for judgment held that defendant's employee had reasonable cause to suspect plaintiff and that the subsequent inquiry was not in excess of the sixty minutes allowed by the provisions of C.Cr.P. Art. 215. Upon *483 examination of the testimony in the record we find no error in these conclusions of the trial court and we further find that the inquiry was conducted in a reasonable manner.
Based upon the information related to her by Mrs. Peters, Mrs. Herrell, defendant's security officer, personally observed the actions of plaintiff in placing the socks inside his coat and walking past the checkout counters toward the door. We hold that Mrs. Herrell had reasonable cause to suspect plaintiff and therefore could lawfully detain him for a period not to exceed sixty minutes.
All of the witnesses, with the single exception of the plaintiff, testified that he was detained in Mrs. Herrell's office for no more than fifteen minutes and in front of the store for no more than another fifteen minutes. Therefore, we find no error on the part of the trial court in concluding that plaintiff was not detained in excess of the sixty minutes allowed under C.Cr.P. Article 215.
Plaintiff cites several cases in which recovery has been allowed on the grounds that the merchant or his employees abused the qualified privilege of detention by unreasonable behavior and urges their application to the factual situation in the case at bar. In Williams v. F. W. Woolworth Co., 242 So.2d 16 (4th La.App.1970), recovery was granted when a customer was detained by a store employee despite the fact that she had a sales slip showing that she had purchased the allegedly stolen merchandise. In Wilde v. Schwegmann Bros. Giant Supermarkets, Inc., 160 So. 2d 839 (4th La.App.1964), plaintiff was allowed recovery when she was detained by defendant's employee for thirty minutes without checking her sales slip and was coerced into signing a confession. In Cannon v. Goudchaux's, 255 So.2d 243 (1st La. App.1971) plaintiff was allowed recovery for an unreasonable detention for allegedly shoplifting a coat when she was detained even after the store detective had been advised by sales personnel of the coat department that the coat was not a Goudchaux's coat.
In the case at bar Mrs. Herrell, defendant's security officer, personally observed plaintiff place the socks in his inside coat pocket and walk past the check-out counters up to the front door of the store. There was no sales slip involved and we find that the actions of plaintiff herein clearly constituted reasonable grounds upon which Mrs. Herrell could detain him.
We also find that the evidence in the record preponderates to the effect that defendant's employees acted in a reasonable manner while conducting the subsequent inquiry and questioning of plaintiff. According to the testimony of Mrs. Herrell, substantiated by that of the other employees, plaintiff was advised of his rights including his right to consult an attorney and was subjected to a very brief and limited inquiry due to the continuous protests of his detention. As soon as he identified himself and the police were called Mr. Lasseigne was allowed to go outside to his automobile where he and Mr. Stevens remained until the police arrived. No purported confession was signed and only the testimony of plaintiff indicates that any discussion of a confession even occurred at the inquiry.
Therefore, for the above reasons the judgment of the district court dismissing plaintiff's suit is affirmed at his costs.
Affirmed.