336 So.2d 1031 (1976)
Willie HARDIN, Plaintiff-Appellant,
v.
BARKER'S OF MONROE, INC., Defendant-Appellee.
No. 12979.
Court of Appeal of Louisiana, Second Circuit.
August 31, 1976.
*1032 Joe D. Guerriero, Monroe, for plaintiff-appellant.
Theus, Grisham, Davis & Leigh, by J. Michael Hart, Monroe, for defendant-appellee.
Before HALL, MARVIN and JONES, JJ.
JONES, Judge.
Plaintiff Hardin's demands for damages arising out of a shoplifting charge on which he was acquitted were rejected by the lower court. He appeals. We reverse and award damages.
The incident occurred in December, 1974, when Hardin took his four children, ages two to ten, to defendant's store in Monroe (Barker's) to shop for shoes. Hardin assisted his children in trying on footwear from a large self-service display table for several minutes. His oldest daughter was also assisting the younger children. Hardin's two sons removed their old shoes to try on cowboy boots. Hardin placed the old shoes in his pockets. He left the children to continue their quest, he says, with instructions to wait for his return from outside the store where he was going to get a chew of tobacco from his car.
An off-duty policeman, employed part-time by Barker's as a security guard, observed Hardin and his children at the footwear display. The guard testified he saw Hardin remove price tags from and put cowboy boots on the two sons, pulling their pants legs over the boots. The guard also testified he saw Hardin put shoes into his pockets, not knowing at the time they were the old shoes the children had worn into the store. The guard followed Hardin out of the store and inquired about the shoes in Hardin's pockets. Hardin told him about, and then or shortly afterward, showed him the old shoes. The childrens' shoes are in evidence and obviously are old and well-worn.
At the guard's insistence, Hardin accompanied him inside the store to the store office. There the guard attempted to search Hardin's pockets but Hardin physically resisted and objected. The guard called other employees for help. Hardin's resistance was overcome, he was thrown to the floor, handcuffed, and his pockets were searched. No merchandise was found on Hardin. Hardin's billfold contained $24. The guard admits Hardin told him in the office that he intended to use the money to pay for footwear his children selected. The footwear ranged in price from $3 upward. Eventually the children were brought to the office but were not questioned by Barker's employees.
Once Hardin was subdued, the guard called the Monroe police, took Hardin in a police car to jail, completed arrest reports and booked Hardin on a charge of shoplifting (theft). The children went with their father to the police station and were eventually returned to their mother. Hardin was in jail for about 48 hours before posting bond. He was later acquitted of the charge.
Code of Criminal Procedure Art. 215 authorizes a merchant's employee to use "reasonable force" to detain a person on the merchant's premises when the employee has "reasonable cause" to believe that person has committed theft of merchandise.[1] Immunity *1033 from civil liability "will naturally follow." Lasseigne v. Walgreen, 274 So.2d 480 (La.App. 1st Cir. 1973).
". . . [W]hether liability attaches depends first upon whether defendant's employees had reasonable cause to suspect plaintiff, and secondly, upon whether the subsequent inquiry or questioning of plaintiff was carried out in a reasonable manner.. . ." Id. at page 482.
In Stewart v. J. C. Penney Company, 267 So.2d 925 (La.App. 1st Cir. 1972), and in Brasher v. Gibson's Products Co., Inc., 306 So.2d 842 (La.App. 2d Cir. 1975), it was recognized that reasonable cause under Code of Criminal Procedure Art. 215 may cease to exist and that the actions of the store employee thereafter may impose civil liability for the continued detention and questioning of the suspect. In those cases the suspect gave a reasonable explanation for his or her suspicious actions and the store employees continued to detain and question the suspect. In the Brasher case plaintiff was carried to the police station and formally charged with shoplifting (theft) with no attempt to verify his explanation. In each case damages were awarded against the store although reasonable cause for the initial detention and questioning was found or was conceded to exist.
In any event, here the guard admitted he found no merchandise on Hardin when he searched him, but found only the old worn shoes. He also admitted Hardin told him of his intent to use the money in his billfold to pay for the shoes the children selected. It should also be noted that the children made no attempt to leave the store before or after Hardin was detained.
Under the circumstances the security guard had reasonable cause to initially detain and question Hardin and was authorized to use reasonable force in overcoming Hardin's physical resistance to the detention. Hardin did not commit a crime in taking his children's shoes from the store. When the guard learned from his own inspection that the shoes he saw Hardin place in his pockets were the shoes of Hardin's children and that Hardin had the funds with which to accomplish his stated purpose, the guard had a reasonable explanation for Hardin's suspicious actions. Reasonable cause then ceased to exist and no immunity or legal protection against civil liability was thereafter afforded defendant for the actions of its employee. The lower court erred in concluding otherwise.[2]

QUANTUM
Hardin's children were aware of the detention and accusation of their father by defendant's employee. They accompanied their father to the jail. Hardin remained in jail for 48 hours before obtaining his release by bond. He was later subjected to the expense and notoriety of defending a charge of shoplifting (theft). Hardin has
not shown any loss of wages or any other pecuniary loss. For his embarrassment and humiliation arising out of the unreasonable detention, arrest and imprisonment, and the criminal trial, it is our opinion that a fair and just award would be $1,750.
Accordingly, the judgment of the lower court is reversed and it is ordered, adjudged and decreed that there be judgment in favor of Willie Hardin against Barker's of Monroe, Inc., for $1,750, with legal interest from judicial demand and for all costs of these proceedings including appeal costs.
Reversed and rendered.
NOTES
[1] "A peace officer, merchant, or a specifically authorized employee of a merchant, may use reasonable force to detain a person for questioning on the merchant's premises, for a length of time not to exceed sixty minutes, when he has reasonable cause to believe that the person has committed theft of goods held for sale by the merchant, regardless of the actual value of the goods. The detention shall not constitute an arrest.

"A peace officer may, without a warrant, arrest a person when he has reasonable ground to believe the person has committed theft of goods held for sale by a merchant, regardless of the actual value of the goods. A complaint made to a peace officer by a merchant or a merchant's employee shall constitute reasonable cause for the officer making the arrest."
[2] The lower court judgment noted that oral reasons were assigned. These reasons are not contained in the record.