CULPEPPER, Judge.
This is a suit for damages resulting from an alleged malicious prosecution. Plaintiff, Mrs. Wayne Fontenot, was arrested and charged with issuing a worthless check to defendant department store, West Bros, of Eunice, Inc. The trial court rendered judgment against West Bros, and awarded plaintiff damages of $1,700 on the grounds that defendants’ actions were reckless and indifferent to the rights of plaintiff and therefore constituted malice. Defendant appealed.
An action for malicious prosecution lies in only those cases where there is a concurrence of the following elements: (1) The commencement or continuation of an original criminal or civil judicial proceeding. (2) Its legal causation by the present defendant who was defendant in the original proceeding. (3) Its bona fide termination in favor of the present plaintiff. (4) The absence of probable cause for such proceeding. (5) The presence of malice therein. (6) Damage conforming to legal standards resulting to plaintiff. Robinson v. Goudchaux’s, 307 So.2d 287 (La.1975); Eusant v. Unity Industrial Life Insurance Association, 194 La. 347, 196 So. 554 (1940).
The decisive issue in the present case is whether there was malice.
The general facts are undisputed. On February 29, 1973, the defendant, West Bros, of Eunice, accepted a personal check in the amount of $70.53 from a person claiming to be Mrs. Wayne Fontenot. An examination of the check, which was introduced into evidence at trial, shows that it is the usual printed form except it is not “personalized” with the drawer’s name printed on its face. The face of the check bears the drawer’s signature, “Mrs. Wayne Fontenot”. Beneath the signature there is a handwritten notation of the address and phone number of the drawer. The address stated there is “101 South Street, Mamou, Louisiana”. On the face of the check and on the reverse side are the drawer’s license number and Social Security number. On the reverse side are also the same address and phone number which appear on the face of the check. This check was returned unpaid to West Bros, by the drawee bank with the notation, “No account as drawn”.
Aside from having the same name, the drawer of the worthless check and the plaintiff apparently have nothing in common. The address, phone number, Social *448 Security number, and license number of the drawer are different from those of the plaintiff. Also, the signature on the check is not that of plaintiff.
After the check was returned, West Bros, mailed a registered letter containing a notice of nonpayment to “Mrs. Wayne Fon-tenot” at 101 South Street, Mamou, Louisiana, the address given on the check. The letter was mailed on March 22, 1973. Though addressed to 101 South Street, the letter was delivered by mistake to the plaintiff at her address on Cedar Street, in Mam-ou.
Upon receiving the letter, plaintiff went to the West Bros. Store and informed the manager, Mr. Witkovski, and another employee, Ms. Venable, that she was not the drawer of the check. She showed the manager her driver’s license and Social Security number which differed from those written on the face of the worthless check. Plaintiff then asked Mr. Witkovski what would be done about the worthless check. The manager replied that charges would be brought against the person living at the address stated on the check.
On April 12, 1973, Ms. Venable completed a questionnaire supplied by the City Court of Eunice. This form is functionally captioned as follows: “TO BE ATTACHED TO THE AFFIDAVIT WHEN ACCEPTING CHARGES FOR THE CRIME OF ISSUING WORTHLESS CHECKS.” The worthless check, which contains the drawer’s address, Social Security number, driver’s license number and phone number was attached to this form. The completed questionnaire and check were then given to the clerk of the City Court of Eunice. The clerk prepared affidavits charging “Mrs. Wayne Fontenot” with the crime of issuing worthless checks. These affidavits were signed by the assistant manager of the West Bros. Store.
On April 12, 1973, the Judge of the Eunice City Court issued a warrant for the arrest of “Mrs. Wayne Fontenot” of “101 South Street”, Mamou on the basis of the affidavits and documents described above. A letter enclosing the arrest warrant was then sent by the Eunice Police Department to the Mamou Police Department.
On May 7, 1973 an officer of the Mamou Police Department informed plaintiff that he had a warrant for her arrest. Plaintiff told the officer that she did not owe any money to West Bros. The officer than left for a short time, saying that he would return after he made a telephone call. When he returned, he arrested plaintiff and took her to Mamou Town Hall, where she posted bond and was immediately released. There is no evidence to indicate whom, if anyone, the police officer called after he left the plaintiff.
On May 24, 1973, plaintiff appeared for her arraignment in Eunice City Court. At the arraignment, plaintiff spoke with the Eunice City prosecutor who in turn called Mr. Witkovski, the manager of the West Bros. Store, and recommended the charges be dropped. As a consequence of the telephone call from the city prosecutor to Mr. Witkovski, the charges against plaintiff were dropped on May 25, 1973.
There is some question as to when West Bros, first knew that plaintiff rather than the unknown drawer of the worthless check was arrested and prosecuted. We have carefully reviewed the testimony on the point and conclude that West Bros, had no knowledge of plaintiff’s arrest until the Eunice City Attorney called Mr. Witkovski on May 24, 1973.
West Bros, argues that two elements of the action for malicious prosecution, lack of probable cause and malice, are not present in this case. The absence of either of these elements would be fatal to plaintiff’s claim for damages. Assuming, without deciding, that there was no probable cause for the prosecution, we will consider whether the malice element was satisfied.
There was no affirmative proof of malice on the part of West Bros, and the trial judge stated in supplemental reasons for judgment that his finding of liability was not based on a finding of spite, ill will or malice. The holding of the trial court is based instead on the Robinson case, supra. *449 There, our Supreme Court said negligence is not ordinarily malice, but when it amounts to reckless and inexcusable indifference to the rights of the plaintiff, malice is presumed. The question is, did the trial court err in finding that West Bros, actions constituted malice?
There is no evidence in the record to support a holding that West Bros, acted in reckless and inexcusable indifference to the plaintiff’s rights. To the contrary, the evidence shows that West Bros, acted responsibly. The law enforcement authorities were supplied with the name, address, license number and Social Security number of the person to be arrested. The defendant had no reason to presume that the authorities would negligently perform their duties by arresting plaintiff, whose address, license number and Social Security number differed from those supplied by defendant.
It was the arresting officer, not West Bros., who evidenced what may have been a reckless indifference to plaintiff’s rights. He arrested the wrong person at the wrong address despite her protest. The wanton and reckless negligence of the police officer cannot be imputed to defendant. We note that neither the Eunice Police Department nor the Mamou Police Department nor any of their employees are named as defendants in this suit.
There is no merit in plaintiff’s argument that West Bros, subjected itself to liability by not informing the Police Department that its registered letter was mistakenly delivered to plaintiff on Cedar Street, instead of “Mrs. Wayne Fonotenot” on South Street. West Bros, had no reason to believe the arresting officer might make the mistake as the postman made regarding plaintiff’s address.
Having concluded that there was no malice on the part of West Bros., either actual or presumed, we do not reach the issue of probable cause. There being no proof of concurrence of the six elements of the malicious prosecution action, as listed above, plaintiff’s claim for damages is rejected.
For the reasons assigned, the judgment appealed is reversed and set aside. Judgment is now entered in favor of defendant dismissing plaintiff’s suit at her costs. The costs of this appeal are assessed against plaintiff-appellee.
REVERSED AND RENDERED.