344 So.2d 1118 (1977)
Jessie R. JEFFERSON, Plaintiff-Appellant,
v.
S. S. KRESGE COMPANY d/b/a K-Mart, Defendant-Appellee.
No. 5869.
Court of Appeal of Louisiana, Third Circuit.
April 13, 1977.
*1119 Gravel, Roy & Burnes by Dee D. Drell, Alexandria, for plaintiff-appellant.
Gold, Hall, Hammill & Little by Eugene J. Sues, Alexandria, for defendant-appellee.
Before GUIDRY, FORET and HEARD, JJ.
HEARD, Judge.
Plaintiff, Jessie R. Jefferson, brought suit against S. S. Kresge Company, doing business as K-Mart Discount Store, seeking damages for malicious prosecution of the plaintiff by the defendant arising from a shoplifting charge of which she was acquitted. The trial court rejected the demand of the plaintiff from which the plaintiff appeals. We reverse the judgment of the District Court and award damages.
On September 24, 1975, plaintiff went to K-Mart, owned by defendant, with her mother and sister. After they entered the store, they parted company, and plaintiff went to the infant's department to purchase some disposable diapers. The diapers were displayed on a counter and several packages were broken open, with some of the diapers laying about the counter. As the plaintiff approached the counter, she was being observed by the defendant store's guard, Mr. Greene, from his office located above the display floor. The plaintiff picked up an open package of disposable diapers and put it in her shopping cart. Two diapers had been laying near the mouth of the package, and plaintiff picked them up and put them into her package, where she assumed they belonged. She then took a twister from another package and used it to close her package.
Plaintiff then proceeded to the check-out counter and asked the checker to count the diapers to ascertain if the bag contained the right amount. The checker did not count the diapers, but told plaintiff if the package did not contain 40 diapers she could return it and get a refund. Plaintiff paid for the diapers and left the store. The security guard followed her out of the store and requested that she return to the store and his office. When plaintiff reached his office, the guard accused her of shoplifting two disposable diapers and a heated discussion between them followed. An inspection of the bag of diapers revealed that the bag contained forty-two diapers instead of the normal forty. The plaintiff insisted that the guard discuss the matter with the checker, which he did, and discovered that the checker had a discussion concerning the quantity of diapers contained in the bag. The guard then released the plaintiff to her mother, although he had been told that plaintiff was twenty-nine years old. The plaintiff was extremely upset, and stopped at the disposable diaper counter to discuss the matter. She stopped again at the front of the store, talking extremely loud and very much upset. At that point, the security guard again approached her, ordered her to return to his office, called the police, and had plaintiff arrested for shoplifting. The case was tried in Alexandria City Court, and at the conclusion of the State's evidence, *1120 the Court directed a verdict of not guilty.
Plaintiff contends that defendant had no probable cause for arrest, that defendant acted with malice, and asks that appropriate damages be assessed against the defendant. Actual attorney's fees and expenses incurred amounted to three hundred twenty five and no/100 ($325.00) dollars plus nine and no/100 ($9.00) dollars for loss of work, as well as uncomputed traveling expenses.
Plaintiff suffered two stops by the security guard, arrest, booking, posting of bond and trial in City Court. Her family knew of her arrest, and her arraignment in City Court was published in the newspaper, making it necessary for her to explain the situation to those who asked.
In order to recover damages for malicious prosecution of a criminal or civil proceeding, the plaintiff must prove: (1) termination of the proceeding in favor of the plaintiff; (2) lack of probable cause; and (3) malice on the part of the defendant. Cormier v. Blake, 198 So.2d 139 (La.App. 3 Cir. 1967); Carter v. Catfish Cabin, 316 So.2d 517 (La.App. 2 Cir. 1975); Robinson v. Goudchaux's, 307 So.2d 287 (La.1975). The existence of probable cause does not depend merely upon the actual statement of the facts, but also upon the defendant's honest belief in making the charge against the plaintiff. Carter v. Catfish Cabin, supra. Malice exists when a charge is made with knowledge that it is false, or with reckless disregard as to whether it is false or not. Generally, where lack of probable cause can be shown, malice is presumed. Brown v. Vittur, 47 La.Ann. 607, 17 So. 193 (1895); Robinson v. Rhodes, 300 So.2d 249, 251 (La. App. 2 Cir. 1974). The courts have held that it is not every mistake made in defending one's self against crime that is actionable, but only such mistakes as cannot be reasonably justified by the surrounding circumstances. Whittington v. Gibson Discount Center, 296 So.2d 375, 378 (La.App. 2 Cir. 1975); Carter v. Catfish Cabin, supra.
Plaintiff in this case admits that her action in stuffing the two diapers into the bag gave defendant's security guard probable cause to stop her the first time. However, she argues that the probable cause was vitiated when the checker informed the guard that plaintiff had requested that the diapers be counted to ascertain the exact amount. Thus, his action in having the plaintiff arrested after having released her was done without probable cause. The First Circuit has recognized that intervening events may vitiate probable cause. In Stewart v. J. C. Penney, 267 So.2d 925 (La.App. 1st Cir. 1972), plaintiff was accused of stealing a purse. She was detained, and an inspection of the purse revealed a tag identifying it as an Avon product. The Court found at that point defendant's probable cause disappeared, and that plaintiff's detention beyond that point was actionable. In Hardin v. Barker's of Monroe, Inc., 336 So.2d 1031 (La.App. 2 Cir. 1976), the Second Circuit held that once a security guard had a reasonable explanation for plaintiff's suspicious actions, i. e. carrying shoes in his pockets, reasonable (probable) cause ceased and no immunity or legal protection against civil liability was thereafter afforded defendant. In the present case, probable cause ceased to exist when the checker informed the guard that plaintiff had attempted to get the amount of diapers ascertained, thus showing she had no intention of stealing them.
We conclude that the defendant is at fault and is obliged to repair plaintiff's damages caused by its fault.
The only evidence as to the damages sustained by plaintiff is the special damages of three hundred twenty five and no/100 ($325.00) dollars attorney's fees and nine and no/100 ($9.00) dollars loss of wages. She was stopped twice by the security officer; was booked at City Court and posted bond; was tried and acquitted. She was questioned by others when the fact of her arraignment in City Court was published in the newspaper. We conclude that plaintiff is entitled to recover two thousand five hundred and no/100 ($2,500.00) dollars plus specials of three hundred thirty four and no/100 ($334.00) dollars.
*1121 For the reasons assigned, the judgment of the District Court is reversed and it is hereby ordered, adjudged and decreed that there be judgment in favor of the plaintiff, Jessie R. Jefferson, and against the defendant, S. S. Kresge Company d/b/a K-Mart, in the full sum of two thousand eight hundred thirty four and no/100 ($2,834.00) dollars, with legal interest thereon from date of judicial demand until paid. All costs, including costs of appeal are assessed to defendant.
REVERSED AND RENDERED.