371 So.2d 1270 (1979)
Bobby BREDA, Plaintiff-Appellee,
v.
Carson ATTAWAY, Defendant-Appellant.
No. 6979.
Court of Appeal of Louisiana, Third Circuit.
May 23, 1979.
*1271 Alfred B. Shapiro, Alexandria, for defendant-appellant.
Thomas & Dunahoe, Marcia Thomas Pendleton, Natchitoches, for plaintiff-appellee.
Before CULPEPPER, DOMENGEAUX, and GUIDRY, JJ.
DOMENGEAUX, Judge.
This is a suit to recover damages for the malicious prosecution of a civil action.
On September 28, 1976, defendant herein, Carson Attaway, filed suit in the United States District Court for the Western District of Louisiana, naming as defendants the Sheriff and seven Deputy Sheriffs of Natchitoches Parish, Louisiana. Plaintiff herein, Bobby Breda, was one of the seven named Deputy Sheriffs. The federal suit was filed by the present defendant in order to recover damages for harassment and humiliation, which he alleged were sustained as a result of various acts committed by the named defendants, including assault. According to the federal petition, the incidents allegedly arose out of and during the course of the 1975 election for the Sheriff of Natchitoches Parish.
On August 5, 1977, subsequent to the filing of the federal suit, Bobby Breda was deposed by Attaway and his attorney. At that time, it was determined by them that Breda had no involvement in the above activities, and, consequently, he was dropped as a defendant.
On October 28, 1977, Breda filed this suit against Attaway in the Tenth Judicial District Court, in and for Natchitoches Parish, Louisiana, in order to recover damages for the malicious prosecution of the federal suit against him.
After a trial, judgment for $1,000.00 was entered in favor of plaintiff, Bobby Breda, and against defendant, Carson Attaway, for malicious prosecution. From this judgment, the defendant appeals. Plaintiff neither appeals nor answers the appeal.
In order to recover damages for a malicious prosecution in Louisiana, six elements *1272 must be present concurrently. They are:
1. The commencement or continuance of an original criminal or civil judicial proceeding;
2. Its legal causation by the present defendant against the present plaintiff, who was a defendant in the original proceeding;
3. Its bona fide termination in favor of the present plaintiff;
4. The absence of probable cause for such proceeding;
5. The presence of malice therein; and
6. Damage resulting to plaintiff, which conforms to legal standards.
Johnson v. Pearce, 313 So.2d 812 (La. 1975); Robinson v. Goudchaux's, 307 So.2d 287 (La.1975); Culpepper v. Ballard, 344 So.2d 110 (La.App. 2nd Cir. 1977); Fontenot v. West Brothers of Eunice, Inc., 343 So.2d 446 (La.App. 3rd Cir. 1977); Bristow v. Messer, 336 So.2d 44 (La.App. 2nd Cir. 1976).
There is no dispute concerning proof of the first three elements. The major issues raised by the defendant in this Court are whether plaintiff proved the elements of lack of probable cause and of malice. Additionally, defendant argues that the award of $1,000.00 for damages is excessive.
Probable cause to file suit is a question which depends upon the particular facts and circumstances surrounding the commencement of the original legal action. The existence of probable cause does not depend so much upon the objective state of the facts as they actually exist, as it does upon the subjective state of facts as perceived by the person bringing the action. In other words, probable cause deals with the present defendant's honest belief in making the original charges and allegations against the present plaintiff in the suit for which recovery for malicious prosecution is sought. Jefferson v. S.S. Kresge Company, 344 So.2d 1118 (La.App. 3rd Cir. 1977); Culpepper v. Ballard, supra.
Looking to the record in the instant case, we find that plaintiff did show that there was a lack of probable cause on the part of Attaway when the original federal suit was filed.
Attaway testified at trial that, when he was being harassed by the Sheriff's deputies, he consulted his attorney. He stated that he supplied some of the names of the offending deputies, including that of Bobby Breda, and that an investigator found out the name of others who were involved in the alleged misconduct. Defendant explained that he named Breda in the suit because he "thought" that he had seen Breda in the area of his place of business during night hours when the harassment was occurring. He also stated that a former deputy, Marvin Blake, who had recently been discharged from the Sheriff's Department, had told him that Breda was involved in the misconduct. However, Attaway indicated on cross-examination that he doubted this report in view of Blake's recent discharge.
Attaway also stated that he was aware that Breda had been transferred from the night shift to the day shift around the time of the harassment, and, inasmuch as the incidents were occurring at night, he stated that there was "some room for doubt in my mind as to whether Bobby [Breda] really had [a] part in this or not."
Attaway also admitted that he was a casual acquaintance of Breda and that he knew what Breda looked like. Although he alleged in the federal suit that Breda had been involved in an assault against him, he unequivocally stated on cross-examination that Breda was not involved in any assault.
We feel that the defendant did not have probable cause to file the federal suit against Breda. First, he alleged that Breda had committed an assault against him, when he knew that Breda actually had not been involved in the assault. Second, he candidly admitted that he had doubts as to Breda's involvement prior to filing the federal action; nevertheless, he decided to file suit first and ascertain later, after the damage had been done, whether Breda was actually involved. Under the facts of this *1273 case, we find that the federal suit was filed against Breda without probable cause.
We now move to the second issue, involving the presence of malice. Malice exists where the charges and allegations made in the original suit are known to be false. Malice also can be inferred where there is a lack of probable cause for filing the original suit and this lack of probable cause results from a wanton and reckless disregard of the rights of the party sued, indicative of a lack of that amount of caution and inquiry anyone should employ before suing. Robinson v. Goudchaux's supra; Culpepper v. Ballard, supra; Fontenot v. West Brothers of Eunice, Inc., supra.
We find that, on the basis of the above facts, there was an absence of caution and inquiry prior to filing the federal suit, such that malice can be inferred. The federal suit was filed even though defendant had doubts as to Breda's involvement. After a simple deposition was taken, the defendant ascertained that Breda was not actually involved, and, accordingly, Attaway dismissed him from the suit. It seems obvious that had a reasonable inquiry been made before naming Breda in the federal suit, Breda never would have been a defendant in that litigation. We feel, therefore, that the malice requirement is satisfied.
We are not unmindful that situations may arise where the circumstantial evidence prior to filing suit indicates that a particular party should be a defendant, but where other factors are discovered during the litigation which shows that the party was made a defendant in error. Obviously, such a situation will not give rise automatically to a suit for malicious prosecution. The essential inquiry will turn on the reasonableness of naming the original defendant, in light of the particular facts and circumstances involved.
Defendant attempts to make an argument that the trial judge was in error by not applying the rule of New York Times Company v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), to the instant case, on the basis that Breda, a Deputy Sheriff, was a public official. We reject this argument, however, because this is not a suit to recover damages for defamation. Although the two have some similarity, malicious prosecution and defamation are two separate and distinct offenses, both recognized under Article 2315 of the Civil Code. Lees v. Smith, 363 So.2d 974 (La.App. 3rd Cir. 1978); Carter v. Catfish Cabin, 316 So.2d 517 (La.App. 2nd Cir. 1975). Plaintiff's petition originally alleged that the federal suit was libelous and slanderous, however, recovery was limited by the trial judge to malicious prosecution, and, as noted previously, plaintiff did not appeal nor answer the appeal in order to urge recovery on a defamation theory. We, therefore, do not think that any issues are presented on appeal with reference to the law of defamation.
Additionally, defendant attempts to absolve himself from liability in the instant case by arguing that Breda was dismissed from the federal proceedings when it was discovered that he actually had no involvement in the alleged misconduct. We do not feel, however, that this argument is valid with reference to absolution from liability. Once the federal suit got underway naming Breda as a defendant, the harm already was committed. It is our opinion that the voluntary dismissal of Breda from the suit speaks more to the extent of damages caused. Obviously, had defendant persisted in his prosecution against Breda after there was no question as to his involvement, he would be subjecting himself to the possibility of increased liability.
Finally, defendant attempts to escape liability on the basis that he acted only on advice of counsel. We do not feel that this defense avails defendant in the instant suit because it does not appear from the testimony of either Attaway or his attorney that such advice was given only after full disclosure to counsel by Attaway of the doubtfulness of Breda's involvement in the alleged misconduct. Without full disclosure, this defense cannot be successful. Mullen v. Gause, 161 La. 461, 109 So. 31 *1274 (1926). See Robinson v. Goudchaux's, supra.
With reference to damages, defendant argues that the $1,000.00 awarded by the trial judge was excessive. The record shows that Breda was subjected to questioning by some of his friends and others, which resulted in a loss of some of his self-esteem. It also showed that he was embarrassed because of the publicity surrounding the suit, especially in light of the fact that he was in charge of the check and forgery division of the Natchitoches Parish Sheriff's Department.
Under the circumstances presented, we find that the $1,000.00 awarded by the trial judge is neither excessive nor inadequate.
For the above reasons, the judgment of the District Court is affirmed at defendant-appellant's costs.
AFFIRMED.