STOKER, Judge.
Plaintiff, Larry Moore, appeals the dismissal of his suit for replacement of his truck engine against Maxie Magnon, d/b/a South State Service Center. We affirm.
*1138 In April of 1982 Moore left his 1974 truck with a rebuilt engine at Magnon’s place of business in order to have two new mufflers installed. When he called in the afternoon to check on the repairs, he was informed that the truck had broken down. Subsequent inspection showed that one of the pistons had exploded causing extensive damage to the engine.
Moore claims that the damage to his truck was caused by being driven at excessive speed by Magnon. He offered the testimony of his own mechanic as an expert who examined the piston and concluded that it exploded due to excessive speed. Another witness testified he saw Moore’s truck being driven “pretty fast” by someone other than Moore that afternoon.
Defendant Magnon testified that he replaced the mufflers on the truck and then left to return the truck to Moore’s residence. While he was driving at a normal rate of speed, the truck inexplicably broke down. Two of Magnon’s employees testified the truck did not sound unusual when Magnon drove off the lot and that he left at a normal rate of speed.
In rendering judgment, the trial judge resolved all conflicts of testimony in favor of defendant. The trial court is in the best position to evaluate the testimony of the witnesses who appeared before him, and a reasonable evaluation of credibility should not be disturbed on appeal. Canter v. Koehring Company, 283 So.2d 716 (La. 1973).
In this case the trial judge appears to have made a reasonable evaluation of credibility and his judgment is supported by a reasonable factual basis.
The judgment of the trial court dismissing plaintiff’s suit at his cost is affirmed. Costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.