KLEES, Judge.
Plaintiff appeals a judgment of the district court awarding him damages against Schwegmann Giant Super Markets, Inc. On the afternoon of December 24, 1980, plaintiff went into a Schwegmann’s supermarket to purchase a headlight for his car. After he paid for the light, plaintiff was stopped by a store security guard who had observed him scraping a price tag off the headlight and smoothing out a second price tag before he took the item to the checkout counter. The guard escorted plaintiff to the security office in the store and told him he would not be charged with shoplifting if *1134 he agreed to pay the difference in the price of the lights, which was $1.76. Plaintiff refused, denying that he had switched the prices. The police were called, but an officer didn’t show up until almost four hours after plaintiff was initially detained. During this time, the plaintiff remained in the inner security office. When a policeman arrived, he arrested the plaintiff and took him to Central Lockup, where he was placed in custody until his son-in-law posted bail several hours later.
After being tried and acquitted of all criminal charges, plaintiff filed suit against Schwegmann’s, its security employees, the City of New Orleans, the New Orleans Police Department (N.O.P.D.) and patrolman John Horil, claiming damages for false arrest, malicious prosecution, and physical injuries he received as a result of an alleged beating by Schwegmann personnel. Schwegmann’s then filed a third party demand against the City, the N.O.P.D. and patrolman Horil claiming indemnity and/or contribution. The City, the N.O.P.D. and officer Horil were subsequently dismissed from the suit by means of a directed verdict, and after a full trial, the district judge awarded plaintiff $1000.00 in damages against Schwegmann’s.
In his Reasons for Judgment, the trial judge found that plaintiff’s detention was carried out in good faith, was based upon probable cause, and did not involve the use of excessive force. However, the court awarded damages based upon Schweg-mann’s violation of LSA-C.Cr.P. art. 215, which limits the detention of suspected shoplifters by merchants to sixty minutes. According to the trial judge, when the police failed to arrive within the hour, Schwegmann’s was bound to release the plaintiff. Instead, he was kept in custody for three hours and forty-five minutes.
Plaintiff has appealed this judgment in proper person, claiming that the amount of damages awarded was insufficient, as well as re-urging his original complaints of false arrest, malicious prosecution and physical injuries. Schwegmann’s has not answered the appeal and has acquiesced in judgment of the trial court. After reviewing the record, we affirm the trial court’s award, for the following reasons.
Our examination of the record reveals that Schwegmann’s initial detention of plaintiff was indeed based upon probable cause, since a store security guard saw plaintiff scraping a price tag off an item. Furthermore, we do not find that there was any excessive force involved in the detention. Although plaintiff claimed that he was cruelly beaten by Schwegmann’s employees, one of whom allegedly used brass knuckles, the police officer who made the arrest did not see any evidence of a beating. Furthermore, all of the Schwegmann personnel involved testified that plaintiff was never struck or beaten in any manner. In addition, the Schwegmann employees stated that plaintiff at one point pushed a security guard out of the doorway of an inner security office, then locked himself in the office and began turning on and off the main light switches in the store. This activity caused the security personnel to force the door open and handcuff the plaintiff for the remainder of his detention. In this situation, since the question of excessive force is a factual matter, we defer to the trial judge’s evaluations of credibility, and we find no manifest error in his ruling. Canter v. Koehring Co., 283 So.2d 716, 724 (La.1973).
We also find that the trial judge correctly awarded damages as compensation for Schwegmann’s detention of plaintiff for nearly three hours longer than is permitted by Code of Criminal Procedure article 215. The article provides, in pertinent part:
A. (1) A peace officer, merchant, or a specifically authorized employee or agent of a merchant, may use reasonable force to detain a person for questioning on the merchant’s premises, for a length of time not to exceed sixty minutes, when he has reasonable cause to believe that the person has committed a theft of goods held for sale by the merchant, regardless of the actual value of the goods. The merchant or his employee or agent may also *1135 detain such a person for arrest by a peace officer. The detention shall not constitute an arrest.
In cases of this nature the storekeeper’s liability depends first upon whether the store’s employees had reasonable cause to suspect plaintiff, and secondly, upon whether the subsequent inquiry was carried out in a reasonable manner. Lasseigne v. Walgreen, 274 So.2d 480 (La.App. 1st Cir.1973). See also Hardin v. Barker’s of Monroe, Inc., 336 So.2d 1031 (La.App. 2d Cir.1976). While acting upon reasonable cause and proceeding in a reasonable manner the storekeeper is immune from civil liability under La.C.Cr.P. Art. 215 for the detention of a customer in regard to shoplifting when that detention does not extend beyond sixty minutes. Should a properly initiated detention exceed sixty minutes, the storekeeper’s liability should be determined in light of the reasonableness of the extended detention.
In this case, Schwegmann’s had obtained plaintiff’s name and his local address, and had recovered the evidence, thus facilitating later prosecution. The amount in dispute was $1.76. Defendant’s extended detention of plaintiff for a total of three hours and forty-five minutes under these circumstances was unreasonable. In our view, the amount of damages awarded was adequate compensation for the time plaintiff was detained. As there was no abuse of discretion on the part of the trial court, we will not disturb the award. Coco v. Winston Industries, Inc., 341 So.2d 332, 335 (La.1976).
Accordingly, we affirm the judgment of the trial court. All costs to be borne by appellant.
AFFIRMED.