490 So.2d 1115 (1986)
Gerard H. WATTIGNY
v.
William H. LAMBERT.
No. 85-134.
Court of Appeal of Louisiana, Third Circuit.
June 2, 1986.
Writ Denied September 26, 1986.
Armentor & Wattigny, Gerald B. Wattigny, Newiberia, for plaintiff-appellant.
Allen, Gooch, etc., Frank A. Flynn, Lafayette, for defendant-appellee.
Before KLIEBERT and DUFRESNE, JJ., and THOMAS C. WICKER, Jr., J. Pro Tem.
THOMAS C. WICKER, Jr., Judge Pro Tempore.
This appeal arises from a judgment granting a motion for summary judgment in an action for malicious prosecution brought by plaintiff, Gerard H. Wattigny, *1116 Sheriff for the Parish of Iberia, State of Louisiana. The motion was filed by William H. Lambert, an attorney, who was made defendant in the suit for malicious prosecution as a result of an action he filed against Sheriff Wattigny on behalf of a client for alleged false arrest and false imprisonment. The suit filed by Sheriff Wattigny originally included allegations for defamation. That portion of the action, however, was dismissed on a summary judgment by order of this court in Wattigny v. Lambert, 453 So.2d 1272 (La.App. 3rd Cir.1984). In that case we reserved to the defendant the right to proceed after remand on his alternative claim of malicious prosecution. Subsequently, on October 22, 1984, Lambert filed another motion for summary judgment. The motion was heard and granted on November 21, 1984.[1] We reverse and remand.
In Wattigny v. Lambert, our previous opinion in this case, we enunciated the facts leading to Lambert's institution of the action against the Sheriff. Those facts were extrapolated from Lambert's deposition, from a copy of the minutes of the 16th Judicial District Court filed in support of the motion for summary judgment, and from affidavits filed by Sheriff Wattigny in opposition to the motion. The events occurring after Lambert filed the petition were not mentioned in the previous decision since we were solely concerned with the petition's alleged defamatory statements. However, the identical documents are presented for our review in support of or in opposition to the motion for summary judgment herein, and reveal the events as they occurred following Lambert's institution of the action against Sheriff Wattigny.
According to Lambert's deposition, he discovered that the arrest of his clients was based on their violation of a sequestration order which had been properly issued on the building leased by Jacob, and in which he operated the "Golden Wheel Night Club." He stated that he learned of the admission of service of the order of sequestration, the fact that the sequestration existed, the violation of the order and other evidence of the propriety of the sequestration, at a deposition of Jacob two months after the suit was initiated. Despite that knowledge Lambert stated that he did not withdraw the action at that time because he had not been able to discuss the facts with Mrs. Jacob, who was in California tending her sick mother according to her husband. Sometime following the deposition, Jacob brought a woman to Lambert's office and introduced her as his wife. Shortly after discussing the case with the woman, Lambert was informed by a Sheriff's deputy that she was an imposter. He stated that he then contacted Sheriff Wattigny's attorney, Gerard B. Wattigny and they agreed to take the woman's deposition, at which time her duplicity was exposed. After those facts were confirmed at the deposition, Lambert took no further steps in the prosecution of the action. A hearing on a motion for summary judgment filed previously by Sheriff Wattigny was held shortly thereafter, during which Lambert offered no argument and voiced no opposition to the granting of the motion. The motion was granted and Sheriff Wattigny was dismissed from the suit.
Sheriff Wattigny subsequently instituted these proceedings. Following the judgment of the trial court granting Lambert's motion for summary judgment on the action for malicious prosecution, Wattigny perfected this appeal. The sole issue is whether the pleadings, Lambert's deposition, and the opposing affidavits show that there is no genuine issue of material fact, and that Lambert is entitled to judgment as a matter of law. L.S.A.-C.C.P. art. 966.
The elements required to succeed in a malicious prosecution action are as follows:

*1117 "... (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff."
Jones v. Soileau, 448 So.2d 1268, 1271 (La. 1984); Johnson v. Pearce, 313 So.2d 812 (La.1975). In this case, only the elements involving probable cause and malice are disputed.
In determining whether or not a defendant in a malicious prosecution suit had probable cause to file suit, the courts must view the facts as they were perceived by the person instituting the action. Hibernia National Bank of New Orleans v. Bolleter, 390 So.2d 842 (La.1980). As stated in Hibernia and Pearce, supra, public policy requires that all persons have the right to resort to the courts for redress of wrongs, and the law protects them when they act in good faith and upon reasonable grounds in commencing a civil proceeding. In Breda v. Attaway, 371 So.2d 1270 (La. 3rd Cir.1979), this court stated:
"We are not unmindful that situations may arise where the circumstantial evidence prior to filing suit indicates that a particular party should be a defendant, but where other factors are discovered during the litigation which shows the party was made a defendant in error. Obviously, such a situation will not give rise automatically to a suit for malicious prosecution. The essential inquiry will turn on the reasonableness of naming the original defendant, in light of the particular facts and circumstances involved." At page 1273.
Malice, on the other hand, exists when the charge is made with knowledge that it is false, or with reckless disregard for the truth. Stark v. Eunice Superette, Inc., 457 So.2d 291 (La.App. 3rd Cir.1984), writ denied 461 So.2d 316 (La.1984). However, malice can be inferred "where there is a lack of probable cause resulting from wanton and reckless disregard of the rights of the party sued, evincing absence of that caution and inquiry a party should employ before filing suit ..." Hibernia, at 844; Breda v. Attaway, supra. Robinson v. Goudchaux's, 307 So.2d 287 (La.1975).
After reviewing Lambert's deposition, the affidavits filed by Wattigny, the history of this case, and the law relative to malicious prosecution, we conclude that the reasonableness of Lambert's actions, including whether there was probable cause for his suit and/or malice in his course of conduct present issues of material fact. As a result, Lambert is not entitled to a judgment as a matter of law. We find, therefore, that the trial court erred in granting the motion for summary judgment in Lambert's favor. L.S.A.-C.C.P. art. 966.
The judgment is hereby reversed and the case remanded for proceedings consistent with this opinion.
Appellee is to pay costs of this appeal.
REVERSED AND REMANDED.
NOTES
[1] Sheriff Wattigny's son, an attorney, was also named as a defendant in the action. Gerard B. Wattigny instituted a separate action for defamation and malicious prosecution against Lambert and after a full trial on the merits was successful on his claim for defamation in both the trial court and appellate court. The decision from our court is reported in Wattigny v. Lambert, 408 So.2d 1126 (La.App. 3rd Cir.1981), writ denied 410 So.2d 760 (La.1981).