LABORDE, Judge,
dissenting.
For the following reasons, I respectfully dissent.
Jeanette W. Arceneaux was arrested by the Lafayette City Police for shoplifting, a violation of Lafayette City Code of Ordinances, Section 10-69. The City Prosecutor dismissed the proceedings. Mrs. Arcen-eaux brought suit against Gary Copes and his employer, Wal-Mart Stores, Inc. (Defendants-Appellants) for false arrest and malicious prosecution. Mr. Clarence Ar-eeneaux intervened in his wife’s suit, claiming loss of consortium under La.C.C. art. 2315. Plaintiff’s claim for false arrest was rejected by the trial court. This ruling was not appealed and has become final. The trial court found in favor of Mr. and Mrs. Arceneaux on the malicious prosecution claim, granting awards of $5,000.00 and $25,000.00, respectively. Defendants appeal, urging four assignments of error. Appellees answer the appeal, moving for an increased award. I would affirm the judgment of the trial court.
The trial judge, Honorable Don Aaron, provided this court with well written reasons for judgment. I accept and adopt his factual findings as follows:
FACTS
“On December 14, 1983, at approximately 4:30 p.m. Mrs. Jeanette W. Arcen-eaux, hereinafter called ‘plaintiff’ went to the Frontage Road store of defendant, Wal-Mart, Inc., in Lafayette, Louisiana, to shop mainly for Christmas presents. While in the toy section, she decided to *1042 purchase a G.I. Joe tank toy for her child. She found many and could not decide on which one to purchase until she chose the one which had a male figure inside rather than a female figure. She put this boxed toy into her shopping basket and returned the other to the shelf. She testified that she noticed a green price sticker on the box, apparently covering another price sticker. She was curious as to the difference in prices and attempted to lift the green sticker, but was unable to do so, so she just smoothed it back in place with her fingernail. Thereafter, she did some additional shopping and brought all of the merchandise to the check-out counter. After she wrote a check for $30.75 to pay for the merchandise, she exited the store. When she walked out of the front door, she was stopped by Gary Copes, hereinafter called ‘defendant,’ who identified himself as a security guard. He told her she was under arrest for shoplifting and to accompany him to a security area at the rear of the store. She complied and after they were in the room together with Belinda Elder, assistant store manager, defendant told plaintiff that he had seen her change a price sticker on the G.I. Joe tank toy. Plaintiff contends that she told defendant she did not change the price sticker and did nothing wrong, however, defendant testified that she never said anything about the charge, and the only comment she made was a request for a drink of water. He also testified that he did not ask her details about the alleged charge, but determined she was ‘guilty’ and called the local police. A policeman arrived shortly thereafter and she was taken, without handcuffs, out the back entrance of the store to the police station, where she was booked and detained until she posted a $50.50 bond. She returned home in a very hysterical, upset condition around 8:00 p.m. and told her children and her husband, Clarence, of the incident and charge.
The next day an article on her arrest and charge was published in the local newspaper. Thereafter, she was arraigned on the charge in Lafayette City Court. She appeared in court several times, but on the day of the trial, the charge was nolle prossed [sic] by the prosecutor.
Since this incident, plaintiff has suffered a post-traumatic stress disorder which has adversely affected her and her relationship with hér family, friends and associates.”
The trial court correctly set forth the six concurrent elements requisite for recovery for malicious prosecution in Louisiana:
1. The commencement or continuance of an original criminal or civil judicial proceeding;
2. Its legal causation by the present defendant against the present plaintiff, who was a defendant in the original proceedings;
3. Its bona fide termination in favor of the present plaintiff;
4. The absence of probable cause for such proceeding;
5. The presence of malice therein; and
6. Damage resulting to plaintiff, which conforms to legal standards.
See Johnson v. Pearce, 313 So.2d 812 (La.1975); Robinson v. Goudchaux’s, 307 So.2d 287 (La.1975); Breda v. Attaway, 371 So.2d 1270 (La.App. 3d Cir.1979).
Defendants concede the existence of the first three elements. A criminal prosecution was initiated by Mr. Copes against Mrs. Arceneaux which was terminated with a nolle prosequi by the City Prosecutor. Defendants argue that the trial court erred in ruling that Mr. Copes and Wal-Mart Stores, Inc. had maliciously prosecuted Mrs. Arceneaux inasmuch as Mr. Copes’ actions were prompted by probable cause without malice.
In arguing that Mr. Copes acted with probable cause, appellants ask us to accept their witnesses’ version of reality. Appellants assert that their witnesses are more believable than appellees’ witnesses. The trial judge is in the best position to evaluate the testimony of the witnesses who *1043 appeared before him, and a reasonable evaluation of credibility should not be disturbed on appeal. Moore v. Magnon, 432 So.2d 1137, 1138 (La.App. 3d Cir.1983). Factual conclusions of the trial judge are entitled to great weight and will not be disturbed on appeal unless clearly wrong. Dugas v. Mouton, 460 So.2d 739, 742 (La. App. 3d Cir.1984).
Mr. Copes testified that he saw Mrs. Arceneaux with a price tag in her right hand and then observed her place the price tag over the existing price on the boxed toy before placing it in her shopping cart. Mr. Copes, at trial, stated that he did not know where the price tag had come from. However, in his written offense report and affidavit as witness to the crime, he averred that he actually saw her remove the sticker from one box and place the lower indicated price tag on the toy box she purchased. Accepting the plaintiffs version of the facts, the trial court was convinced that Mr. Copes merely saw Mrs. Arceneaux attempt to lift the price tag covering the tag beneath — this done not as theft, but out of curiosity.
Mr. Copes testified that Mrs. Arceneaux calmly complied with his request, after stopping her outside, to go to the back of the store. He noted that she made no attempt to explain why she was playing with the price sticker or why her box was marked $10.00 below the G.I. Joe tanks still on the shelf. Mrs. Arceneaux testified that she was extremely upset for the duration of the event. The reason that she did not explain what had happened, she adds, was that the officer repeatedly told her “to be quiet” and that it was too late to explain.
As noted earlier, the trial court accepted Mrs. Arceneaux’s testimony. Still, the trial court did not accept her claim of false arrest because the trial court found that Mr. Copes “had the right to detain her to ascertain who had placed the lower priced sticker on the box or where she had obtained it.” Mr. Copes’ suspicion of plaintiffs actions was reasonable (he saw her manipulating the price tag, and he checked the price of the toys still on the shelf and noted their higher price.) This suspicion provided reason to detain Mrs. Arceneaux. But, as noted by the trial court, “[Mr. Copes’] failure to make reasonable inquiry before he filed a criminal charge against her constitutes a reckless disregard of her rights in this matter.” Mr. Copes should have asked Mrs. Arceneaux to explain what had happened, or at least he should have allowed Mrs. Arceneaux to volunteer the information. Without further inquiry as to who applied the sticker on the box, Mr; Copes lacked the requisite probable cause to have criminal charges filed against Mrs. Arceneaux. Given the chance, Mrs. Arceneaux could have explained and with that, Mr. Copes’ reasonable suspicion soon would have dissipated. See Jefferson v. S.S. Kresge Company, 344 So.2d 1118 (La.App. 3d Cir.1977), where we held that once a security guard has a reasonable explanation for the suspicious activity, the existing probable or reasonable cause would cease to exist and further detention would be actionable. A priori, the detainee must be allowed to enunciate her explanation. For these reasons, I agree with the trial court’s finding that no probable cause existed to allow criminal charges to be filed against Mrs. Arceneaux.
The trial court summarily noted that plaintiffs carried the burden of proving the other five elements necessary for a recovery in this malicious prosecution suit. The trial court’s finding of malice on the part of defendants was apparently based on the jurisprudential license to infer malice where there is a want of probable cause and where this lack of probable cause results from a wanton and reckless disregard of the rights of the party sued, indicative of a lack of that amount of caution and inquiry anyone should employ before suing. See Robinson v. Goudcheaux, 307 So.2d at 290; Breda v. Attaway, 371 So.2d at 1273; Jefferson v. S.S. Kresge Co., 344 So.2d at 1120. Malice is also found where a criminal charge is knowingly false or made with reckless disregard for its veracity.
I note that not every mistake made in defending one’s self against crime is action *1044 able, but only such mistakes as cannot be reasonably justified by the surrounding circumstances. Jefferson v. S.S. Kresge Co., 344 So.2d at 1120. Negligence is not malice ordinarily, but where, as in this case, it amounts to recklessness and inexcusable indifference to the rights of plaintiff, malice is presumed. Robinson v. Goud-chaux’s, 307 So.2d at 290. Such indifference was exemplified by Mr. Copes’ refusal to allow Mrs. Arceneaux to explain her actions.
Having concluded that plaintiffs carried their burden of proving the concurrence of all six elements necessary to recover for malicious prosecution in Louisiana, I would affirm the judgment of the trial court.
For the above reasons, I respectfully dissent from the majority opinion.