316 So.2d 167 (1975)
Constance Ferris, wife of James CONNOLLY
v.
James CONNOLLY.
No. 6906.
Court of Appeal of Louisiana, Fourth Circuit.
July 8, 1975.
Rehearing Denied August 5, 1975.
Provensal & Fitzmaurice, Robert E. Rougelot, New Orleans, for plaintiff-appellee.
James H. Connolly, in pro per.
Before SAMUEL, BOUTALL and SCHOTT, JJ.
SAMUEL, Judge.
Pursuant to LSA-R.S. 9:301, plaintiff filed this suit against her husband for an absolute divorce on the ground they had been living separate and apart continuously for a period in excess of two years. After trial there was judgment in favor of the plaintiff granting the divorce. Although represented by counsel to judgment in the trial court, defendant has taken and prosecuted this appeal from the judgment of divorce in proper person. In this court his only argument with any substance is that the plaintiff failed to offer sufficient proof as to the separation and living apart. Plaintiff has answered the appeal seeking damages and attorney's fees for a frivolous appeal.
Plaintiff filed her petition for divorce on May 7, 1974. Paragraph IV of the petition alleges the parties separated on February 11, 1972 and have not reconciled since that date. The answer filed by defendant's *168 then counsel admits the allegations of Paragraph IV of the petition to the extent that the defendant and the plaintiff did separate and "have not returned to live together once separation began."
The evidence offered at that trial by the plaintiff consisted of the testimony of herself and a Mrs. Frances Swan. Plaintiff testified she and the defendant separated in the early part of February, 1972 and that they had neither reconciled nor cohabited since the date of separation. Mrs. Swan, a social worker employed by plaintiff's employer, testified she knew the plaintiff, saw her daily at work, and visited plaintiff's home on a regular basis, averaging at least one visit per month. She further testified the litigants had not lived together as man and wife since February of 1972.
The defendant offered no evidence and his attorney stated defendant did not desire to testify. However, he was called under cross examination by plaintiff's attorney. On cross examination he testified he and his wife separated on February 4, 1972. When asked if he and his wife had lived together as man and wife since that date, he refused to answer.
Under these circumstances we find there has been ample proof of living separate and apart continuously for a period of two years or more as required by LSA-R.S. 9:301. Accordingly, we affirm the judgment of the trial court: awarding plaintiff a divorce.
After due consideration of the entire record, we are of the opinion that plaintiff's request for damages and attorney's fees for frivolous appeal should not be granted. As has been pointed out, defendant was represented by counsel through the trial and judgment, but prosecuted this appeal in proper person. The defendant's express motive for contesting his wife's action is his desire to effect a reconciliation and provide a proper home for his child. Since the defendant is a layman, we cannot hold him to the same standards of skill and judgment which must be attributed to an attorney. As appeals are favored, under the facts in this case it would be improper to render a judgment against a layman for frivolous appeal.
For the reasons assigned, the judgment appealed from is affirmed and damages and attorney's fees for frivolous appeal are denied.
Affirmed; damages for frivolous appeal denied.