371 So.2d 1245 (1979)
Charles Ray ALEXANDER, Sr., et al., Plaintiffs-Appellants,
v.
TOWN OF JEANERETTE et al., Defendants-Appellees.
No. 6966.
Court of Appeal of Louisiana, Third Circuit.
May 23, 1979.
*1246 Guillory, McGee, Mayeux & Fontenot, Donald L. Mayeux, Eunice, for plaintiffs-appellants.
Caffery, Duhe, Oubre & Gibbens, Jerry A. Oubre, New Iberia, Allain & Allain, Raymond E. Allain, Jeanerette, for defendants-appellees.
Before CULPEPPER, DOMENGEAUX and GUIDRY, JJ.
DOMENGEAUX, Judge.
Plaintiffs-appellants, Charles Ray Alexander, Sr. and Shirley May Rideaux Alexander, instituted this action, in proper person, seeking damages on several ill-defined allegations.
A perusal of the petition seems to indicate that the intended defendants are the Town of Jeanerette, Louisiana, a Police Department,[1] Sgt. Whitney Vernon, and Mrs. Neomie L. Sedgewick.
It seems that a part of their demand seeks damages for their alleged minor child, Roger James Alexander, for injuries which he allegedly sustained in a vehicular collision involving one of the defendants, Mrs. Neomie L. Sedgewick.
In response to the petition, counsel for Mrs. Sedgewick filed dilatory exceptions of vagueness and lack of procedural capacity, and peremptory exceptions of no cause and of no right of action. On October 6, 1978, the trial court sustained these exceptions and granted plaintiffs fifteen days to cure the imperfections in their petition by amendment. The plaintiffs failed to amend as ordered, and on October 30, 1978, their suit as to Mrs. Sedgewick was dismissed with full prejudice. From that judgment plaintiffs have appealed.[2]
The only issues presented for our review are: (1) Whether the exceptions filed on behalf of Mrs. Sedgewick were properly sustained; and (2) If so, whether it was proper to dismiss the suit with prejudice?

I. CORRECTNESS OF SUSTAINING THE EXCEPTIONS.
The pertinent portions of the petition relating to the exceptions are quoted, verbatim, without corrections, as follows:
"Sgt. Whitney Vernon, fail to give a white driver a ticket on 11 July 1978, 5:28 P. M., However he give Lionel a ticket, and on the 3 August 1978 he also fail to give Mrs. Meomie L. Sedewick a ticket, she is white: attach you will find copy of the accidents reports, and etc.
Wherefore, Plaintiff and Wife Pray:
That the court grant the plaintiff son Roger James Alexander, who is 13 years old the rights for Mrs. Neomie L. Sedgewick to pay all medical expence of the injury he sustained on the 3 August 1978 at the present and/or his future medical he my suffer from injury of the 3 August 1978.
That the court grant the rights for Roger J. Alexander to receive the sum of One-Millior Five-hundred Thousand dollar and no cents, for his pain and suffering, mential anguish, no recreation and/or a well pain plot of conspiracy on him: $1,500,000.00 from Mrs. N. L. Sedgewich;
That because Sgt. Whitney Vernon, allow the whites to go free after they fail to stop and yield at Doll street, and main street: also fail to yield on the corner of Main and Hubertvlle road cause Roger J. Alexander to suffer from Mrs. Neomie L. Sedgewich car hit him in the air; broken his leg, her car made skidmark of 49' and/or 50'. (That we have a jury trial.)"
It is to be noted that the record does not contain an attached copy of the accident report, as is indicated in the first paragraph cited above.
*1247 Appellants' first contention is that as laymen, not represented by an attorney, they should not be held to the same standards required of a professional in the preparation and prosecution of a petition. Nevertheless, although we may not always hold laymen to the same standards of skill and judgment that is required of an attorney, when a layman chooses to appear in propria persona, he assumes all responsibility for his own inadequacy and lack of knowledge of procedural and substantive law. Connolly v. Connolly, 316 So.2d 167 (La.App. 4th Cir. 1975); Delesdernier v. Thorpe Finance, Inc., 225 So.2d 485 (La. App. 4th Cir. 1969). Furthermore, it is apparent that counsel was available had the Alexanders desired the services of an attorney. In fact, at one time the plaintiffs had employed the services of an attorney, Mr. William H. Lambert, but just prior to the October 6th hearing, he was discharged. (Tr. 33 and 36-37). Accordingly, we find that the plaintiffs, as attorneys pro se, must be held accountable to at least minimal standards for preparing and presenting any suit in our courts of law.
Our Code of Civil Procedure sets forth the basic guidelines and minimal standards required in drafting a legally sufficient petition. Article 891 of that Code requires that all petitions "contain a short, clear and concise statement of the object of the demand and of the material facts upon which the cause of action is based . . . ." The petition submitted by plaintiffs was impermissibly vague concerning the status of the plaintiffs and of the minor son. Moreover, it failed to indicate, with any particularity, the circumstances of the accident, the parties involved, and the basis for placing responsibility upon Mrs. Sedgewick.
From a full reading of the petition, it would appear as though plaintiffs wished to allege that, despite the fact that Mrs. Sedgewick was not issued a ticket, she actually caused the injuries to Roger Alexander by striking the vehicle in which he was travelling after she had negligently run through a yield sign located at the corner of "Main and Hubertville road." Unfortunately, even though this sequence of events might be surmised from the wording of the petition, the actual allegations made therein do not set forth clearly these and other essential facts.
We feel that it would be impossible for the defendant to answer these confused allegations. Of particular difficulty is the contention that "Mrs. Neomie L. Sedgewich car hit him in the air . . . ." Because these allegations of fact do not meet the minimal standards required by our law to apprise the defendant of the charges made against her, the ruling of the lower court sustaining the dilatory exception of vagueness was correct.
The trial court also sustained the dilatory exception of lack of procedural capacity to sue, and the peremptory exception of no right of action. The exception charging a lack of procedural capacity was properly sustained against Mrs. Alexander because, under La.C.C.P. Article 683, Mr. Alexander, the alleged father of the minor child, is deemed the proper party plaintiff to sue to enforce a right of an unemancipated minor. La.C.C.P. Article 683, in pertinent part, reads as follows:
"The father, as administrator of the estate of his minor child, is the proper plaintiff to sue to enforce a right of an unemancipated minor who is the legitimate issue of living parents who are not divorced or judicially separated. The mother, as the administratrix of the estate of her minor child, is the proper plaintiff in such an action, when the father is a mental incompetent or an absentee."
Additionally, part of the plaintiffs' damage claim is for medical expenses for the minor. During the existence of a marriage, the husband is the proper party plaintiff to enforce a right of the community; a wife lacks the legal right (no right of action) to seek such recovery. La.C.C.P. Article 686. Accordingly, we find that the exception of no right of action was properly sustained against Mrs. Alexander.
*1248 We also think that the exception of lack of procedural capacity on the part of Mr. Alexander was likewise properly sustained because the petition is devoid of minimum allegations showing the capacity of the father in the suit, the marital status of the plaintiffs, and the status and situation of the referred to minor. Higginbotham v. Inland Empire Insurance Company, 88 So.2d 711 (La.App. 1st Cir. 1956).
The remaining exception charging that no cause of action was stated is likewise valid. To state a "cause of action" the plaintiff must allege sufficient grounds for obtaining the remedy sought. Brooks v. Smith, 35 So.2d 613 (La.App. 2nd Cir. 1948). In the present case, plaintiffs' petition, as noted in our discussion on the exception of vagueness, did not set forth sufficient facts stating a cause of action afforded by our law.
When the grounds for an exception may be removed by an amendment, the judgment sustaining the exception shall grant the plaintiff a time period within which such grounds may be removed. La.C.C.P. Articles 932 and 934. The trial court properly followed this procedure by giving the plaintiffs fifteen days to amend and cure the defective pleading. Their neglect in not doing so was proper grounds for a dismissal. La.C.C.P. Article 933.
We next consider whether this dismissal should have been made with prejudice.

II. DISMISSAL WITH PREJUDICE.
In Prejean v. Ortego, 262 So.2d 402 (La.App. 3rd Cir. 1972), we held that a dismissal granted on an exception of vagueness should be made without prejudice even though the plaintiff in that case failed to comply with the trial court's order to make any curative amendment within fifteen days. The basis for this decision applies to all dilatory exceptions, including the exception of lack of procedural capacity. Speaking for the court in Washington v. Flenniken Construction Co., 188 So.2d 486 (La.App. 3rd Cir. 1966), Judge Tate stated the following:
"The basis of this dismissal is the power of the court to enforce compliance with a lawful procedural order in connection with a dilatory exception, Bogan v. Byrom, La.App. 3 Cir., 151 So.2d 718, for by definition the dilatory exception `merely retards the progress of the action' and `it is not filed in order to defeat the action', LSA-CCP Art. 923. For this reason, the judgment of dismissal for failure to cure the defect urged by dilatory exception has consistently been without prejudice, with trial court dismissals being so amended when not so providing." (Citations omitted).
It follows from this reasoning that unless one or both of the peremptory exceptions of no cause or no right of action provide a sufficient basis for sustaining the dismissal with prejudice, we must amend the judgment to provide for a dismissal without prejudice.
Unlike the dilatory exceptions which merely retard the progress of the suit, the purpose of making a peremptory exception is to actually defeat the action itself, not merely to retard its progress. La.C.C.P. Art. 923. In effect, however, the exception of no cause of action was upheld because of the omission of essential factual allegations which plaintiff may plead more sufficiently in the future. We think that a dismissal for the lack of necessary allegations in the petition constitutes a dismissal which amounts to a non-suit and must be rendered without prejudicial effect. Kilchrist v. Cagle Chevrolet, Inc., 262 So.2d 802 (La.App. 3rd Cir. 1972) and Williams v. American Employers' Insurance Co., 10 So.2d 516 (La. App. 1st Cir. 1942).
We also think that the exception of no right of action should have been dismissed without prejudice. Even though Mrs. Alexander may not be presently authorized to sue on behalf of the marital community, future circumstances might dictate a different conclusion. The judgment of dismissal should not jeopardize her contingent future rights. Additionally, Mr. Alexander should be able to file a new petition which sets forth sufficient facts to indicate *1249 his right to sue. Accordingly, the judgment of dismissal should not jeopardize his contingent future rights.
In summary, our conclusion is that the trial court did not err in dismissing the suit against Mrs. Sedgewick, but such dismissal should have been without prejudice. Consequently, a new action may be brought provided, of course, that there are no prescriptive limitations.
For the above and foregoing reasons, the judgment appealed from is amended to decree that the suit as to Mrs. Sedgewick is dismissed without prejudice. In all other respects, the judgment is affirmed. The costs of this appeal are assessed one-half to the plaintiffs-appellants and one-half to the defendant-appellee.
AMENDED AND AFFIRMED.
NOTES
[1] The Police Department cited is apparently meant to be the Police Department of the Town of Jeanerette, Louisiana.
[2] We note that other parties have filed other exceptions which are not before us at this time.