452 So.2d 404 (1984)
Raymond ROCHON, Plaintiff-Appellant,
v.
CONSOLIDATED CONSTRUCTION COMPANY, et al., Defendants-Appellees.
No. 83-766.
Court of Appeal of Louisiana, Third Circuit.
June 27, 1984.
Rehearing Denied July 25, 1984.
*405 Raymond Rochon, in pro. per.
Allen, Gooch & Bourgeois, Sera H. Russell, III, Lafayette, for defendants-appellees.
Before DOMENGEAUX, C.J., and FORET and STOKER, JJ.
FORET, Judge.
Raymond Rochon filed this worker's compensation suit against his former employer, Consolidated Construction Company, and its insurer, Automobile Owners Insurance Company. From a judgment dismissing his suit without prejudice, plaintiff appeals. At issue on appeal is the propriety of the trial court's action in dismissing plaintiff's suit.
Raymond Rochon, through the services of an attorney, filed suit seeking worker's compensation benefits for an injury which allegedly arose out of an on-the-job accident which occurred on April 17, 1979. Before the suit came to trial, however, plaintiff was convicted of several criminal offenses and was subsequently incarcerated in the state penitentiary at Angola, Louisiana. He remains in Angola to this date.
Plaintiff's counsel withdrew from the civil suit on June 11, 1981. Trial was originally set for March 21, 1983, but the matter was continued by the plaintiff so that he could seek new legal representation. Subsequently, the case was refixed with the trial date being set for July 5, 1983. On the day of the trial, no one was present to represent the plaintiff. Thus, pursuant to LSA-C.C.P. Article 1672, the trial court dismissed plaintiff's case without prejudice.
Plaintiff now appeals, alleging that the trial court erred in dismissing his case without prejudice because the court should have had him subpoenaed so that he could appear in court on his own behalf. We disagree.
LSA-C.C.P. Article 1351 provides:
"Art. 1351. Issuance; form
The clerk or judge of the court wherein the action is pending, at the request of a party, shall issue subpoenas for the attendance of witnesses at hearings or trials. A subpoena shall issue under the seal of the court. It shall state the name of the court, the title of the action, and shall command the attendance of the witness at a time and place specified, until discharged."
(Emphasis added.)
The language is clear that a request for a subpoena must be made by a party to the suit. The record shows no evidence that this request was made. We know of no authority, either jurisprudential or statutory, which requires a judge, on his initiative, to subpoena parties to appear in court.
We note that because plaintiff has been unable to obtain counsel since his first attorney's withdrawal, he has had to prosecute this claim in proper person. Nevertheless, although we may not always hold laymen to the same standards of skill and judgment that is required of an attorney, when a layman chooses to appear in propria persona, he assumes all responsibilities for his own inadequacy and lack of knowledge of procedural and substantive law. Alexander v. Town of Jeanerette, 371 So.2d 1245 (La.App. 3 Cir.1979).
LSA-C.C.P. Article 1672, as amended in 1983 by Act No. 534, § 9, provides in part:
"Art. 1672. Involuntary dismissal
A. A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case, the court shall determine whether the *406 judgment of dismissal shall be with or without prejudice."
LSA-C.C.P. Article 1673 provides that:
"Art. 1673. Effect of dismissal with or without prejudice
A judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial. A judgment of dismissal without prejudice shall not constitute a bar to another suit on the same cause of action."
We conclude that the trial court did not abuse its discretion in dismissing plaintiff's claim without prejudice.
For the above and foregoing reasons, the judgment of the trial court dismissing plaintiff's claim without prejudice is hereby affirmed.
All costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.