SHORTESS, Judge.
This is an appeal by a classified employee from a summary dismissal of his appeal to the State Civil Service Commission (Commission) concerning his job classification and pay.
On February 28,1983, Donald Ream filed an appeal with the Commission concerning his job classification and salary. The facts involved in this appeal are set forth in the Commission’s opinion as follows:
Appellant is employed by the Department of Health and Human Resources as the Regional Administrator of the Orleans Region of the Office of Human Development and is serving with permanent status.
On February 28, 1983, appellant filed an appeal, in proper person, complaining of current and continuing discrimination *1218 by his agency in the application of the pay plan. Appellant’s complaint stems from title changes in the Office of Human Development which took place in April of 1981, retroactive to August 27, 1979. Appellant alleges that the Department of Health and Human Resources requested that all of the positions under his direct supervision or administrative authority, with the exception of clerical and paraprofessional positions, be title changed. His position was not title changed; however, a position in a lower classification than his and which he supervised (that incumbered by Brenda Bo-cage) was title changed to a position higher than his. Appellant alleges that he continued to supervise the higher position until January of 1981, when supervision was transferred to his own supervisor. Appellant further alleges that other positions in the agency at the state office level, which were formerly below his classification, were also title changed into a higher classification on the Social Work job ladder. Appellant alleges that his requests to the Department of Health and Human Resources have resulted in no relief. Appellant contends that his agency’s continued refusal to ask for a title change of his position retroactive to August 27, 1979, constitutes discrimination. As relief, appellant seeks equal treatment and also asks that he be title changed to a Social Work Supervisor III level, retroactive to August 27, 1979.
Appellant filed an appeal (Docket No. 2844) in May of 1981 complaining of similar issues; however, he alleges that his appeal is a new appeal based on current and continuing discrimination under Rules 13.10(e) and 13.11(d).
On April 19, 1983, counsel for the ap-pellee filed a Request for Summary Disposition on the grounds that the appeal was untimely filed in that appellant knew or was aware of the actions complained of as early as April or May of 1980; therefore, more than thirty calendar days have passed in contravention of Civil Service Rule 13.12(a)(2) and more than 365 calendar days have passed since the date on which the action complained of occurred, in contravention of Civil Service Rule 13.12(c). Appellee further alleges that the appeal is moot because the appeal filed as Docket No. 2844, containing the same or substantially the same issues and grounds complained of in the current appeal, was summarily dismissed on January 28, 1983, by the Commission. Finally, counsel argues that appellant failed to allege the charge of discrimination with sufficient specificity under Civil Service Rule 13.11(d).
A public hearing was held before the Commission in New Orleans on May 4, 1983, limited to a consideration of the Request for Summary Disposition.
CONCLUSIONS OF LAW
An examination of the appeal documents indicates that the Request for Summary Disposition is good and shall be granted. Appellant is appealing the fact that a title change for his position was not requested by the Department of Health and Human Resources in April 1981 and has not been requested since. He became aware of this exclusion at that time and indicated that he had been, in fact, attempting to get his title change handled without success. He therefore, had knowledge that he was not included in approximately May of 1981 and is woefully beyond the thirty days allowed by Civil Service rules to perfect an appeal on an incident that he learned about in May of 1981. In any event, this appeal is absolutely barred by Civil Service Rule 13.12(c), which reads as follows:
“(c) No appeal shall lie against any action following the expiration of three hundred sixty-five (365) calendar days from the date on which it occurred.”
Appellant argues that because the action is continuing, his appeal should be deemed timely. This argument is without merit. The consequences of any action are continuing until such time as the action is rescinded or reversed. Nonetheless, Civil Service Rule 13.12 requires that appeals be filed within a specified *1219 period of time after the employee became aware of the action complained of.
Additionally, this appeal is almost identical to appellant’s previous appeal (Docket No. 2844) in which an opinion was rendered on January 28, 1983.
The Request for Summary Disposition is granted and the appeal is dismissed.
This court, in Ream v. Department of Health and Human Resources Office of Human Development, Docket No. 83 CM 1191, in an opinion not designated for publication, dismissed appellant’s earlier appeal on the grounds that it was untimely. Both the earlier appeal and instant appeal stem from the same allegations of discrimination relative to job classification and pay.
The instant appeal alleged essentially the same facts as alleged in the earlier appeal but in greater detail, and it contended that same was based on concurrent and continuing discrimination. Appellant further contended in this appeal that the agency’s refusal to seek a title change for his position retroactive to August 27, 1979, constituted discrimination. He further requested that his job title be changed to Social Work Supervisor III retroactive to that date.
On April 19, 1983, the agency filed a request for summary dismissal on the grounds that the appeal was not filed timely and that it was moot because of the action taken in the earlier appeal, and that appellant failed to allege the charge of discrimination with sufficient specificity. A hearing was held before the Commission on May 4, 1983, limited to the request for summary disposition. On August 5, 1983, the Commission granted the request for summary disposition and dismissed the appeal. The Commission found that appellant had knowledge of the pertinent facts in May, 1981, and that his appeal was not filed within 365 calendar days provided for by Civil Service Rule 13.12(c).
We find that the Commission’s ruling as quoted hereinabove correctly sets forth the facts and the law applicable to this case. It's decision is affirmed at appellant’s costs.
AFFIRMED.