652 So.2d 644 (1995)
C. Russell RADER
v.
DEPARTMENT OF HEALTH AND HOSPITALS, OFFICE OF PUBLIC HEALTH, ENGINEERING SERVICES.
No. 94 CA 0763.
Court of Appeal of Louisiana, First Circuit.
March 3, 1995.
C. Russell Rader, New Orleans, pro se appellant.
Carol L. Haynes, New Orleans, for DHH, Office of Public Health, Engineering Svcs., appellee.
Robert R. Boland, Baton Rouge, for Herbert Sumrall, Director, Dept. of State Civil Svc.
Before LOTTINGER, C.J., and SHORTESS and CARTER, JJ.
SHORTESS, Judge.
Columbus Russell Rader, Jr., was named Public Health Chief Engineer on April 15, 1991, under the direct supervision of Joseph D. Kimbrell, the Deputy Assistant Secretary for the Louisiana Office of Public Health (OPH), Division of Environmental Health Services. On April 16, 1991, the Department of Civil Service recorded a renewal, retroactive to January 1, 1991, of the unclassified appointment of T. Jay Ray as Program Manager of the Safe Drinking Water Program, a position which was created on March 2, 1990. *645 That position was under the direct supervision of the Chief Engineer.
Rader alleges that in August 1991, after he challenged actions by the State's Chief Sanitarian, Ray was appointed Director, Division of Environmental Health Services, an unclassified position directly superior in the chain of command to Chief Engineer, Rader's position. Ray also continued to serve as Program Manager. Rader alleges conflicts soon arose between Ray and him because of this chain of command in which Ray was both above and below Rader.
On June 24, 1993, Rader wrote to the Director of Civil Service, alleging the existence of "a move within the agency to remove a portion of my responsibilities and give them to an unclassified employee whose position and filling of it is, to say the least, highly questionable." He requested a formal hearing "on any attempt by the Department of Health and Hospitals now, or in the future (next year), to do damage to my status and Civil Service position or reorganization of the Engineering Services Section." This letter was docketed as a civil service appeal.
On August 2, 1993, the Civil Service Commission referee issued an order directing the parties to show cause why the appeal should not be summarily dismissed. The OPH then filed a formal motion for summary disposition of the appeal, contending that the issues presented in Rader's June 24, 1993, letter were premature and that even if Rader's position had been reallocated, which it denied, no evidentiary hearing could be requested because Rader failed to allege discrimination. Rader responded with a brief and sixty-one attachments, alleging problems from 1987 through June 7, 1993.
The referee found Rader was aware of "most of the happenings" more than thirty days before filing his appeal. The referee further found that the June 7, 1993, meeting was simply part of an ongoing problem regarding Rader's and Ray's working relationship, and that the problem had existed for more than thirty days before this appeal was taken. Relying on Civil Service Rule 13.12(a)(2), Ream v. Department of Health & Human Resources, 461 So.2d 1217 (La.App. 1st Cir.1984), and Butler v. Charity Hospital, 442 So.2d 531 (La.App. 1st Cir.1983), the referee dismissed Rader's appeal. The Civil Service Commission denied Rader's application for review, which made the referee's decision the decision of the Commission. Rader appeals to us from this decision.
Before reaching the merits of Rader's suit, we shall address a procedural issue raised by the parties regarding the filing of the appellee's brief and the appellant's reply brief. The record in this case was lodged on April 15, 1994. Pursuant to Rule 2-12.7 of the Uniform RulesCourts of Appeal, Rader's brief was due by May 10, and OPH's brief was due by May 30. Rader's brief was filed June 15, and was therefore untimely. OPH waited until nine days after Rader's brief was filed before filing its brief on June 24. Rader filed a reply brief on June 27, but OPH moved to strike that brief, citing Rule 2-12.6 which provides that an appellant may file a reply brief "if he has timely filed an original brief...." Rader then moved to strike OPH's brief because it was untimely. Both motions to strike were referred to the merits.
Rule 2-12.6 provides a sanction for an appellant who files an untimely brief; he loses the privilege of filing a reply brief (although further briefs may be filed if he obtains leave of court). Because Rader's original brief was untimely and he failed to obtain leave of court to file a further brief, his reply brief should be stricken.
Rule 2-12.12 of the Uniform RulesCourts of Appeal provides further sanctions for untimely briefs, whether filed by appellant or appellee; the privilege of oral argument is forfeited. The court may also impose other sanctions at its discretion. However, loss of the opportunity to file the appellee's brief when the deadline for filing imposed by the Uniform Rules has passed is not a sanction enumerated by those rules and is not one likely to be imposed by this court.[1] The appellee's brief presents its side of the *646 case to the court. The interest of justice is best served when the court has both sides of the case before it. On the other hand, the appellant's reply brief must be strictly confined to rebuttal of points raised in the appellee's brief, and the ends of justice do not require us to listen to rebuttal in every case. For these reasons, the motion to strike appellee's brief is denied, and the motion to strike appellant's reply brief is granted.
Civil Service Rule 13.11(d) provides that a request for appeal must contain a clear and concise statement of both the "actions complained against" and the basis of the appeal. Where a rule violation is alleged, specific facts to support that conclusion must be given, including the date of the violation or action appealed from. Civil Service Rule 13.11(d-e). The appeal must be either received by the Director of Civil Service or placed in the United States mail to the Director within thirty days of the date an appellant "learned or was aware that the action complained of had occurred...." Civil Service Rule 13.12(a)(2).
Our review of Rader's initial filing, his letter of June 24, 1993, reveals no basis for an appeal. All of the actions complained of in that letter are prospective in nature. Rader seeks prohibition of "any attempt ... now, or in the future ... to do damage to [his] status...." He does not allege that any damage has already been done. On the basis of this letter alone, his appeal is premature.
Rader has represented himself in this appeal, both before the Commission and in this court. A layman who represents himself cannot be held to the same standards of skill and judgment which must be attributed to an attorney, Connolly v. Connolly, 316 So.2d 167, 168 (La.App. 4th Cir.1975), although he assumes responsibility for his own inadequacy and lack of knowledge of both procedural and substantive law. Rochon v. Consolidated Constr. Co., 452 So.2d 404 (La. App. 3d Cir.1984). In light of the pro se nature of Rader's appeal, we have considered the "brief" he filed in response to the referee's show cause order in determining whether he has set forth a claim from which he has a right to appeal. Having given him this procedural leeway, we shall now determine whether Rader has made timely substantive allegations on which an appeal can be based.
Rader's allegations in opposition to the show cause order are summarized as follows:
1) When he applied for the classified position of Chief Engineer in 1987, he was turned down because he did not have a Louisiana Professional Engineer license, and he was not offered an unclassified position.
2) The position of Deputy Chief Engineer, a classified position, has been vacant since at least early 1991 and remains vacant. Rader was told he could not fill the position, although new unclassified positions were created for Ray.
3) Ray, an unclassified employee, had "generally" filled the position of Deputy Chief Engineer, even though he was also working for the federal Environmental Protection Agency and did not meet the legal requirements for that position.
4) In August 1991, September 1991, October 1991, and June 1993, Rader complained to his superiors that it was unacceptable to him to have Ray both above and below him in the chain of command.
5) Ray is subject to political interference, has been given merit raises without Rader's input, makes out-of-state trips without Rader's knowledge or approval, took vacation after a federally-declared disaster, does not communicate important information to Rader, and has been allowed to rate Rader for civil service evaluation purposes.
In the introductory paragraph to his brief in opposition to the show cause order, Rader alleges "discrimination ... by many means including but not limited to ... possible collusion, possible conspiracy, possible intent to defraud, and possible malfeasance." However, he fails to allege any facts in support of those allegations. It is important to note that Rader has not been given an unsatisfactory rating, nor has he been demoted, dismissed, or subjected to disciplinary action. He alleges no adverse effect to himself whatsoever, except to allege generally that Ray's continued employment endangers the public health. In short, he has failed to allege any *647 basis permitted under Civil Service Rule 13.10 for an appeal.
Furthermore, the referee correctly found that Rader's complaints all stem from an ongoing problem about which he has been complaining to his superiors since at least August 1991. The federal tort law cases on prescription cited by plaintiff are inapplicable to this Louisiana civil service appeal, as is the continuing tort doctrine he urges. When and if Rader is subjected to some action by OPH which fits the criteria of Rule 13.10, he may properly bring an appeal. In light of the present status of this case, however, we must affirm the decision of the Civil Service Commission dismissing this appeal at his costs.
MOTION TO STRIKE APPELLEE'S BRIEF DENIED; MOTION TO STRIKE APPELLANT'S REPLY BRIEF GRANTED; AFFIRMED.
NOTES
[1] We also note that in a case such as this one, the appellee who files his brief timely, before an untimely appellant, is placed at a disadvantage in that he cannot respond to the appellant's arguments.