770 So.2d 896 (2000)
Jean ARMAND
v.
Miguel DELGADO, Jr., Delgado Companies, Delgado Financial Corporation (A Louisiana Corporation) Delgado Financial Management Group, Inc., Delgado Retirement Benefits, Ltd., First American National Securities, Inc. and Joseph Tompley.
No. 99 CA 2274.
Court of Appeal of Louisiana, First Circuit.
November 3, 2000.
Jeffrey Wittenbrink, Baton Rouge, Louisiana, Counsel for Plaintiff/Appellee Jean Armand.
Frederick R. Tulley, John Tharp, Baton Rouge, Louisiana, Counsel for Defendant/Appellant Joseph Tompley.
Before: LeBLANC, KUHN, and BOLIN,[1] JJ.
KUHN, Judge.
This is an appeal from a judgment awarding damages in favor of plaintiff-appellee, Jean L. Armand, against defendant-appellant, Joseph Tompley. For the reasons which follow, we reverse the trial court's judgment and remand for further proceedings.
*897 On September 2, 1992, plaintiff filed a petition for damages naming as defendants, Miguel Delgado, Jr., Delgado Companies, Delgado Financial Corporation, Delgado Financial Management Group, Inc. ("Delgado Financial"), and Delgado Retirement Benefits, Ltd., ("Delgado Retirement") as well as Joseph Tompley, his employer, A.L. Williams,[2] and First American Securities, Inc., ("First American") the latter of whom plaintiff alleged was represented by Tompley in his capacity as a stockbroker.
According to the allegations of plaintiffs petition, Tompley was the son of a family friend when he became her securities broker. Plaintiff averred that she invested approximately $52,000.00, derived from the life insurance proceeds of her late husband, in a mutual fund of First American during 1986-1987. In 1988, upon advise of Tompley, plaintiff sold a portion of her interest in the First American mutual fund and invested $37,000.00 with Delgado Financial, with the assurances of both Tompley and Delgado that the investment was "safe." After approximately ten months, according to plaintiff, at Delgado's insistence, $30,000.00 of her original investment was reinvested in a five year debenture note, with the remaining $7,000.00 returned to her. Plaintiff alleges that in February 1989, her remaining interest in the First American mutual fund was invested in Delgado Retirement. In December 1989, plaintiff was advised that her funds had been invested in a speculative oil investment and were lost. Subsequently, she learned that the retirement funds were also lost.
After plaintiff filed this lawsuit, it was established that Delgado had applied for and been granted protection from his creditors in the U.S. Bankruptcy Court for the Middle District of Louisiana. It is undisputed by the parties remaining in this litigation that the various Delgado companies were also afforded protection from their creditors in bankruptcy court. On September 30, 1992, PFS Investments, Inc. ("PFS Investments"), representing itself as the successor in interest to First American, filed a request for additional time to file pleadings in this lawsuit; and on June 21, 1993, PFS Primerica Corporation ("PFS Primerica"), representing itself as successor in interest to A.L. Williams, filed a motion for summary judgment and a peremptory exception raising the objection of prescription. Although both successor companies filed motions for summary judgment seeking their respective removal from the lawsuit, as well as peremptory exceptions raising objections of prescription, neither successor company filed an answer in the lawsuit. On March 14, 1994, Tompley answered the lawsuit in proper person, denying the allegations in plaintiff's petition, and averring that he was representing himself because he was unable to afford an attorney.
According to the official minutes of the court, the motion for summary judgment filed by PFS Investments was denied on February 3, 1997.[3] The record contains a pretrial case management order, signed by the trial court on that same date, although the order does not establish which parties were present at the pretrial conference. Counsel for plaintiff was the only representative, or party, who signed the February 3, 1997, case management order, which set a discovery cutoff date, established a date for exchange of pretrial inserts and exhibits books and assigned the matter for a third setting on May 2, 1997. The official minutes of the court indicate that on May 2, 1997, the trial in this matter was passed and reassigned for May 6, 1997.
On May 6, 1997, a trial on the merits was held. At the commencement of trial, *898 Tompley, appeared in proper person; the following colloquy ensued between the trial judge and Tompley:
MR. TOMPLEY:
I was wondering if I could ask, is there any way that the court could appoint a legal representative for me.
THE COURT:
Well, not at this juncture. Had there been some indication earlier on in the litigation that you wanted an attorney
MR. TOMPLEY:
I never knew that
THE COURT:
Then perhaps I could have asked an attorney to volunteer, but we're set for trial at this point and time.
On appeal, counsel for Tompley urges that the trial court erred in failing to grant Tompley a continuance based on his request for a legal representative. According to counsel for Tompley, which is not disputed by plaintiff, Tompley only learned that plaintiff had amicably resolved her claims against PFS Investments and PFS Primerica on the day of trial. The record shows that on May 13, 1997, ten days after the presentation of evidence at the trial on the merits had concluded, a joint motion to dismiss plaintiff's claims against PFS Investments and PFS Primerica was filed into the record, and on May 15, 1997, signed by the trial court.
A layman who represents himself cannot be held to the same standards of skill and judgment which must be attributed to an attorney. Rader v. Dep't of Health and Hospitals, Office of Public Health, Engineering Services, 94-0763, p. 5 (La.App. 1st Cir.3/3/95), 652 So.2d 644, 646.
A trial court may grant a continuance on peremptory or discretionary grounds. La. C.C.P. arts. 1601, 1602. Where peremptory grounds exist, a trial court must grant a continuance. See La. C.C.P. art. 1602. There are only two such grounds: (1) a movant, despite due diligence, has been unable to obtain material evidence, and (2) a material witness is absent "without the contrivance of the party applying for the continuance." Id. The movant bears the burden of proving that a continuance motion falls within the peremptory grounds. Sevario v. State ex rel. Dep't of Transp. and Dev., 98-1302, p. 4 (La.App. 1st Cir.11/10/99), 752 So.2d 221, 226, writ denied, XXXX-XXXX (La.4/7/00), 759 So.2d 760. Louisiana Code of Civil Procedure article 1601 provides for a continuance "if there is good ground therefor." The trial judge must consider the particular facts of a case when deciding whether to grant or deny a continuance. Id. The trial court should consider the diligence and good faith of the movant and other reasonable grounds. Id., 98-1302 at p. 5, 752 So.2d at 226. The trial court has great discretion in granting or denying a continuance under La. C.C.P. art. 1601, and its ruling should not be disturbed on appeal in the absence of a clear abuse of discretion. Id., 98-1302 at p. 5, 752 So.2d at 227.
In the case presently before us, the record establishes that on May 6-7, 1997, Tompley's co-defendants, PFS Investments and PFS Primerica, were technically named parties to the litigation. Because neither of Tompley's co-defendants were present in court on May 6-7, during the trial of this matter, and the record fails to establish the reason for their absence, we find support for the assertions of Tompley's appellate counsel that he was unaware of the amicable resolution of the claims against PFS Investments and PFS Primerica. Because the record shows that a joint motion to dismiss was filed into the record after the trial of the merits and mindful of Tompley's pro se representation, we conclude the fact that a settlement was entered into between plaintiff and co-defendants, PFS Investments and PFS Primerica, constituted newly discovered evidence which Tompley was unable to obtain with the exercise of due diligence. As such, he was entitled to a continuance *899 and the trial court erred in failing to grant one under the circumstances.
Accordingly, the judgment is reversed and the matter is remanded for further proceedings consistent with this opinion.[4] All costs of this appeal are assessed against plaintiff, Jean L. Armand.
REVERSED AND REMANDED.
NOTES
[1] Judge Bruce M. Bolin of the 26th Judicial District Court is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Defendant A.L. Williams was added to this lawsuit by plaintiff's first amending and supplemental petition filed on December 2, 1992. For brevity, we refer to both pleadings filed by plaintiff in the singular.
[3] The record establishes that the motion for summary judgment urged by PFS Primerica was never set for a hearing.
[4] Plaintiff filed an answer to Tompley's appeal seeking to increase the amount and items of damages awarded by the trial court. Because of our disposition in this matter, the issues raised in plaintiff's answer are not presently ripe for consideration, and therefore, we do not address them.