DO NOT PUBLISH

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-1120

ELTA MOSS

VERSUS

W. THOMAS BARRETT, III

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2007-631
HONORABLE DAVID RITCHIE, DISTRICT JUDGE

**********

**J. DAVID PAINTER**

**********

Court composed of Glenn B. Gremillion, Elizabeth A. Pickett, and J. David Painter, Judges.

AFFIRMED.

Elta Moss
3021 Deaton St.
Lake Charles, LA 70601
    Plaintiff-Appellant Pro Se


W. Thomas Barrett, III
3401 Ryan St., Ste. 307
Lake Charles, LA 70605
    Defendant-Appellee Pro Se

PAINTER, Judge.

Elta Moss appeals the dismissal of her suit for "attorney abuse" against W. Thomas Barrett, III pursuant to exceptions of no right/no cause of action. For the following reasons, the judgment of the trial court is affirmed.

FACTS

Elta Moss and Carl Moss filed suit against Ronald Gifford in Lake Charles City Court apparently attempting to enforce a buy-sell agreement for certain real property owned by Gifford. Mr. Gifford, through his attorney, Barrett, filed a reconventional demand asking for, among other things, a temporary restraining order to keep Elta and Carl Moss from entering the property which was the subject of the suit. The trial court issued a temporary restraining order and, after a hearing, issued reciprocal preliminary injunctions against both the Mosses and Gifford. The outcome of that litigation does not appear of record. On February 8, 2007, Elta Moss filed a petition entitled "Attorney Abuse" in which she named Barrett as defendant and asked for damages resulting from Barrett's failure to adequately investigate Gifford's claim and from his allegedly malicious filing of pleadings resulting in the issuance of the TRO and injunction in the city court case. Barrett responded by filing an exception asserting that Moss failed to state a claim or cause of action against him and that she failed to allege facts specific enough for him to defend. After a hearing, the trial court rendered judgment against Moss and dismissed her suit against Barrett. Moss appeals.

2

DISCUSSION

*Validity of the Petition*

The trial court first found that the petition was invalid in that it was not signed by an attorney or a party as required by La.Code Civ.P. art. 863. That article states, in pertinent part, that:

> A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address.
>
> B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
>
> C. If a pleading is not signed, it shall be stricken unless promptly signed after the omission is called to the attention of the pleader.

While Moss signed a verification, the petition was signed by her son, who is neither a party nor an attorney. Moss argues that since she signed a verification the requirements of the article have been met or that she could have been allowed to sign the pleading when the error was found. However, it was Moss's obligation to sign the pleading when the error was pointed out, and she did not attempt to do so. Although we find no authority which suggests that a verification is the equivalent of signing the petition, we will consider whether Moss had a right of action against Barrett and, if so, whether she stated a cause of action.

3

*Breach of Professional Obligation*

The trial court found that Moss did not have a right to sue Barrett for breach of a professional obligation. This is correct.

> Based on the principle of undivided loyalty embodied in the Rules of Professional Conduct, the Louisiana Supreme Court has "adopted the traditional, majority view that an attorney does not owe a legal duty to his client's adversary when acting on his client's behalf." *Scheffler v. Adams and Reese, LLP*, 06-1774, p. 14 (La.2/22/07), 950 So.2d 641, 652.

*Brookewood Invs. Co., L.L.C. v. Sixty-Three Twenty-Four Chef Menteur Hwy., L.L.C.*, 07-50, p. 4 (La.App. 4 Cir. 5/16/07), 958 So.2d 1200, 1202, *writ denied*, 07-1258 (La. 10/20/07), 966 So.2d 575.

As the Louisiana Supreme Court stated in *Penalber v. Blount*, 550 So.2d 577, 581 (La.1989): "[N]ot even the Rules of Professional Conduct create actionable duties for negligent injury of a client's adversary or negligent breach of professional obligations which might run in favor of his client's adversary."

*No Cause of Action*

However, because Moss is pursuing this action pro se,[1] we will attempt to determine if the petition herein is sufficient to state a cause of action under any theory on which Moss would have a right of action against Barrett.

---

[1] However, the jurisprudence has consistently held pro se plaintiffs should be allowed more latitude than plaintiffs represented by counsel because they lack formal training in the law and its rules of procedure. *Bankston v. Alexandria Neurosurgical Clinic*, 94-693 (La.App. 3 Cir. 12/7/94), 659 So.2d 507. "A layman who represents himself cannot be held to the same standards of skill and judgment which must be attributed to an attorney, *Connolly v. Connolly*, 316 So.2d 167, 168 (La.App. 4th Cir.1975), although he assumes responsibility for his own inadequacy and lack of knowledge of both procedural and substantive law. *Rochon v. Consolidated Constr. Co.*, 452 So.2d 404 (La.App. 3d Cir.1984)." *Rader v. Dep't of Health and Hosps., Office of Public Health, Eng'g Servs.*, 94-0763, p. 3 (La.App. 1 Cir. 3/3/95), 652 So.2d 644, 646.

*Gray v. State*, 05-617, p. 13 (La.App. 3 Cir. 2/15/06), 923 So.2d 812, 821

4

Moss's allegations could be interpreted as an attempt to state a cause of action for malicious prosecution, defamation, abuse of process, or intentional infliction of emotional distress.

Claims for malicious prosecution or for defamation arising out of allegations or statements made in a judicial proceeding may not be brought until the termination of the underlying proceeding. *See Ortiz v. Barriffe*, 523 So.2d 896 (La.App. 4 Cir.), *writ denied*, 531 So.2d 273 (La.1988) and *Amos v. Brown*, 36,338 (La.App. 2 Cir. 9/18/02), 828 So.2d 138. There is nothing in the record herein from which this court can determine whether the underlying action has been terminated. Therefore, any claim for malicious prosecution or defamation is premature under the record before the court.

However, even if the underlying action has been terminated, the allegations of Moss's petition are not adequate to state a cause of action for malicious prosecution, defamation, or abuse of process.

This Court explained the standard of review of the sustainment or denial of a peremptory exception of no cause of action in *Fink v. Bryant*, 2001-0987, (La.11/29/01), 801 So.2d 346:

The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether [the] plaintiff is afforded a remedy in law based on the facts alleged in the pleading. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. In reviewing a trial court's ruling sustaining an exception of no cause of action, the appellate court and this Court should subject the case to de novo review because the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition. Simply stated, a petition should not be

> dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. (Citations omitted).

*Fink*, 801 So.2d at 348-9.

*Kinchen v. Livingston Parish Council*, 07-478, p. 1 (La. 10/16/07), 967 So.2d 1137

(alteration in original).

Therefore, we have examined the pleadings filed by Moss to determine whether she can prove any set of facts which would entitle her to relief.

> A successful claimant in a defamation action must establish five elements: (1) defamatory words; (2) publication; (3) falsity; (4) malice; and 5) injury. Ordinarily, where the defamatory words complained of are statements that the injured party engaged in criminal conduct and publication is established, the elements of falsity, malice, and injury are presumed although they may be rebutted. *Arledge v. Hendricks*, 30,588 (La.App.2d Cir.6/26/98), 715 So.2d 135, *writ denied*, 98-2015 (La.11/20/98), 728 So.2d 1287.

*Rogers v. Ash Grove Cement Co.*, 34,934, pp. 4-5 (La.App. 2 Cir. 11/2/01), 799 So.2d

841, 845, *writ denied*, 01-3187 (La. 2/8/02), 808 So.2d 351.

Neither the allegations of the petition, nor the exhibits attached to the petition are sufficient to state a cause of action for defamation.

> The elements required to succeed in a malicious prosecution action are as follows: (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff. *Jones v. Soileau*, 448 So.2d 1268, 1271 (La.1984)*; Wattigny v. Lambert*, 490 So.2d 1115 (La.App. 3d Cir.1986), *writ denied*, 493 So.2d 1221 (La.1986).

*Id.*

6

Again, neither the petition filed by Moss, nor the exhibits attached thereto are sufficient to state a cause of action for malicious prosecution.

> In *Goldstein v. Serio*, 496 So.2d 412 (La.App. 4 Cir.1986), 501 So.2d 208, 209 (La.1987), the fourth circuit examined whether the defense of absolute privilege could be asserted to defeat actions for malicious prosecution and abuse of process. With regard to abuse of process, the fourth circuit stated:
>
>> Abuse of process involves the misuse of a process already legally issued whereby a party attempts to obtain a result not proper under the law. At issue in such actions is the intent to use a legal process for an improper reason, not the statements made. In both malicious prosecution and abuse of process, the crux of the action is not the statements made but the fact that a proceeding was maliciously and/or illegally pursued.
>
> *Goldstein*, 496 So.2d at 415 (citations omitted).
>
> . . . .
>
> As we previously noted from the second circuit's opinion in *Mini-Togs, Inc.*, "[r]egular use of process cannot constitute abuse, even though the user was actuated by a wrongful motive, purpose, or intent, or by malice." *Mini-Togs, Inc.*, 354 So.2d at 1390. Absent a showing of abuse through an illegal, improper or irregular use of process, plaintiffs have failed to state a cause of action.

*Waguespack, Seago and Carmichael (A PLC) v. Lincoln*, 99-2016, pp. 6-8 (La.App. 1 Cir. 9/22/00), 768 So.2d 287, 291-92.

Because there has been no "showing of abuse through an illegal, improper or irregular use of process, plaintiffs have failed to state a cause of action," the petition fails to state a cause of action for abuse of process.

Finally, we consider whether the allegations of the petition are sufficient to state a cause of action for intentional infliction of emotional distress:

> In Louisiana, to establish intentional infliction of emotional distress, a plaintiff must demonstrate: "(1) [T]hat the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be

certain or substantially certain to result from his conduct." *LaBove v. Raftery*, 00-1394, 00-1423, pp. 16-17 (La.11/28/01), 802 So.2d 566, 577, (quoting *White v. Monsanto Co.*, 585 So.2d 1205, 1209 (La.1991)).

*Viator v. Miller*, 04-1199, pp. 6-7 (La.App. 3 Cir. 4/27/05), 900 So.2d 1135, 1140-41.

After examining the petition, we find that it does not allege sufficient facts to support a cause of action for intentional infliction of emotional distress.

Where the petition fails to state a cause of action, the plaintiff is allowed to amend the demand if the grounds of the objection can be removed by amendment. La.Code Civ.P. art. 934. However, the court is not required to allow the pleadings to be amended if amendment will not cure the deficiencies in the pleadings.

After reviewing the record herein, we find that the deficiencies of Moss's petition could not be cured by amendment.

CONCLUSION

Therefore, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the Plaintiff-Appellant, Elta Moss.

AFFIRMED.