NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-1435

TIMOTHY HUGH QUEEN

VERSUS

H. GREGORY TETE, SENIOR WARDEN

************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2009-3328
HONORABLE ROBERT L. WYATT, DISTRICT JUDGE

************

PHYLLIS M. KEATY
JUDGE

************

Court composed of Ulysses Gene Thibodeaux, Chief Judge, J. David Painter, and
Phyllis M. Keaty, Judges.

Painter, J., dissents and assigns written reasons.

AFFIRMED.

Robert C. McCorquodale
In-House Counsel
Calcasieu Parish Sheriff's Office
1011 Lakeshore Drive, Suite 310
Lake Charles, Louisiana  70601
(337) 491-3622
Counsel for Defendant/Appellee:
        H. Gregory Tete, Senior Warden

Timothy Hugh Queen
In Proper Person
Post Office Box 2017
Lake Charles, Louisiana  70602
Plaintiff/Appellant

**KEATY, Judge.**

This is an appeal from a trial court's grant of no cause of action against a pro se plaintiff who filed suit seeking judicial review of a sheriff's administrative hearing in a parish prison. The sole issue before us is whether the petition set forth a cause of action against the defendant. Finding that plaintiff failed to state a cause of action upon which relief can be granted, we affirm the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

Timothy Hugh Queen (Queen) was serving time at the Calcasieu Parish Sheriff's Prison when an altercation occurred. After an in-house administrative hearing, Queen was sentenced to serve two ten-day periods in disciplinary detention/isolation and was given credit for time served. Queen took issue with the administrative hearing and subsequent punishment and filed suit against H. Gregory Tete (Tete), Warden of the Sheriff's Prison, in the Fourteenth Judicial District Court, seeking judicial review of the administrative proceedings and sentencing.

Tete filed an exception of no cause of action. After a hearing, the trial court granted Tete's exception of no cause of action. Queen appealed.

## DISCUSSION

We review a judgment granting a peremptory exception of no cause of action de novo. It requires a determination of "whether the law affords a remedy on the facts alleged in the pleading." *Ramey v. DeCaire*, 03-1299, p. 7 (La. 3/19/04), 869 So.2d 114, 118. The "pertinent question is whether, in the light most favorable to plaintiff and with every doubt resolved in plaintiff's behalf, the petition states any valid cause of action for relief." *Id.* at 119 (citation omitted).

1

Queen used a standard pre-made form for his petition, filling in the blanks by hand and providing additional details on separate pages. Although the standard form contains a reference to La.R.S. 15:1177, which pertains only to administrative decisions by the Department of Public Safety and Corrections, Queen's handwritten complaints make clear that his grievances arise out of the administrative proceedings at the parish prison. Further, the handwritten petition makes clear that Queen is seeking judicial review of Tete and his staff's administrative decisions leading to his subsequent punishment.

It is clear to us that Queen does not have a cause of action under La.R.S. 15:1177, but the single, typed reference to the statute on the standard form used by Queen, who filled in his complaints by hand, should not bar him from trial if he otherwise stated a valid cause of action. "[A] *pro se* litigant who lacks formal training in the law and its rules of procedure . . . should be allotted more latitude than those plaintiffs represented by counsel." *Brooks v. Tradesmen Int'l., Inc.*, 03-1871, p. 5 (La.App. 4 Cir. 9/1/04), 883 So.2d 444, 447, *writ denied*, 04-2432 (La. 12/10/04), 888 So.2d 843.

Review of correctional institutions' administrative and disciplinary decisions are governed by Title 15, Part XV, Chapter 7 of the Louisiana Revised Statutes. Review of sheriffs' administrative decisions are governed by La.R.S. 15:1171. Louisiana Revised Statutes 15:1171 allows a sheriff to adopt an administrative remedy procedure for receiving, hearing, and disposing of any and all complaints and grievances by adult or juvenile offenders against a sheriff or a sheriff's staff. It further provides that the administrative procedures are the exclusive remedy available to the offender for all complaints and grievances, except in tort actions. *See Pope v.*

2

*State*, 99-2559 (La. 6/29/01), 792 So.2d 713 (the supreme court found La.R.S. 15:1171-79 unconstitutional for tort actions). Thus, unless Queen asserts a tort-based claim, he is barred from seeking judicial review of Tete's administrative proceedings.

In his petition, Queen asserts that he was not given enough written notice of his disciplinary report before his hearing; that the disciplinary board was not neutral; that he was not allowed to complete the appeal process before his punishment was imposed; and that there was no evidence to support the finding that he was guilty of aggravated fighting and destruction of property. Queen does not make a tort-based claim. Pursuant to La.R.S. 15:1171, his sole remedy is to follow the administrative proceedings set forth by the sheriff for the Calcasieu Parish Sheriff's Prison. He cannot seek judicial review of those proceedings in district court.

## DECREE

The trial court's grant of no cause of action was appropriate, and we affirm.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.

TIMOTHY HUGH QUEEN

VERSUS

H. GREGORY TETE, SENIOR WARDEN

**********

**PAINTER, J. dissents.**

I respectfully dissent from the majority decision herein.

[A]n exception of no cause of action questions whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition. *Industrial Cos*., 02-0665 at p. 6, 837 So.2d at 1213. The exception is triable on the face of the petition and, to determine the issues raised by the exception, each well-pleaded fact in the petition must be accepted as true. *Id.* In reviewing a district court's ruling sustaining an exception of no cause of action, appellate courts conduct a de novo review because the exception raises a question of law and the district court's decision is based only on the sufficiency of the petition. Id. An exception of no cause of action should be granted only when it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. *Id.* at p. 7, 837 So.2d at 1213; *Barrie v. V.P. Exterminators, Inc.*, 625 So.2d 1007, 1018 (La.1993). If the petition states a cause of action on *any* ground or portion of the demand, the exception should generally be overruled. *Everything on Wheels Subaru, Inc. v. Subaru South, Inc.*, 616 So.2d 1234, 1236 (La.1993). Every reasonable interpretation must be accorded the language used in the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial. *Industrial Cos*., 02-0665 at p. 7, 837 So.2d at 1213.

*Badeaux v. Sw. Computer Bureau, Inc.*, 05-0612 (La. 3/17/06), 929 So.2d 1211, 1217

(emphasis added).

In this case, after reviewing the petition, I am of the opinion that it states a cause of action. Defendant argues that La.R.S. 15:1177 does not afford Plaintiff a cause of action. The petition itself does not refer to La.R.S. 15:1177, except as a citation on the printed form used by Plaintiff to file his claim, which was apparently included to give guidance to the non-attorney users of the form. Further, Plaintiff is

appearing pro se. "A layman who represents himself cannot be held to the same standards of skill and judgment which must be attributed to an attorney." *Rader v. Dep't of Health and Hosps., Office of Pub. Health, Eng'g Servs.*, 940763 (La.App. 1 Cir. 3/3/95), 652 So.2d 644, 646, (citing *Connolly v. Connolly*, 316 So.2d 167, 168 (La.App. 4th Cir.1975)). Further, the courts of this state have found it appropriate to give pro se litigants procedural leeway not given to those represented by counsel. *See Price v. Kids World*, 08-1815 (La.App. 1 Cir. 3/27/09), 9 So.3d 992 and *Rader*, 652 So.2d 644, *writ not considered*, 09-1340 (La. 9/25/09), 18 So.3d 94.

The allegations of the petition do not appear to be limited to the redress allowed under La.R.S. 15:1177. It is undisputed that the regulations of the Calcasieu Correctional Center allow for appeal of disciplinary matters. As the trial court stated in its reasons for granting the motion: "I recognize that the Calcasieu Correctional Center or the facility there may facilitate similar or identical methods to address discipline within its facility, but it doesn't necessarily bring it under the auspices of that statute." While the action may not fall under La.R.S. 15:1177, the petition states a cause of action for review of the disciplinary action. Accordingly, I would reverse the judgment of the trial court and remand for further proceedings.